688 A.2d 81

IN RE PETITION OF WOODROW HALL BY AND THROUGH
HIS GUARDIAN AD LITEM, SANDRA HALL.

Argued October 21, 1996—Decided February 5, 1997.

*Timothy M. Crammer* argued the cause for appellants Burdette Tomlin Memorial Hospital, Dr. Anshook Patel, Dr. Baltazar Rodericks and John Marstella (*Paarz, Master, Koernig, Crammer, O'Brien & Bishop,* attorneys).

*Michael S. Berger* argued the cause for respondent, Woodrow Hall (*Mr. Berger,* attorney; *Kevin Haverty,* on the briefs).

*Abbott S. Brown* argued the cause for amicus curiae, New Jersey State Bar Association (*Brown & Gold,* attorneys; *Mr. Brown* and *William L. Gold,* on the brief).

The opinion of the Court was delivered by

STEIN, J.

This appeal invites our consideration of whether pre-suit depositions may be authorized pursuant to the Rules Governing Civil Practice to assist plaintiffs contemplating filing malpractice actions in complying with the requirements of the recently-enacted Affidavit of Merit Statute. *L.* 1995, *c.* 139 (codified at *N.J.S.A.* 2A:53A–26 to –29).

On the petition of Sandra Hall, *guardian ad litem* of Woodrow Hall, the Law Division ordered pre-suit depositions of various health care professionals pursuant to *Rule* 4:11–1. The Appellate Division summarily affirmed. We granted certification, 143 *N.J.* 517, 673 *A.*2d 276 (1996), and stayed the depositions. While the appeal was pending, Sandra Hall, individually and as *guardian ad litem* for Woodrow Hall and their minor children, filed suit against Burdette Tomlin Medical Center, several health care professionals, and various fictitious-name defendants. In the course of that litigation, plaintiffs have already deposed Dr. Robert Salasin, John D. Marstella, C.R.N.A., Dr. Baltazar Rodericks, and Dr. Ashokkumar Patel, the prospective defendants that previously had been

ordered to give their depositions before suit was filed. The underlying legal issue in this appeal, the propriety of the *Rule* 4:11–1 order granting pre-suit depositions, has therefore been rendered moot. However, with the concurrence of the parties, we elect to address it because the issue is one of substantial importance, is likely to reoccur, and is capable of evading review. *See Zirger v. General Acc. Ins. Co.*, 144 *N.J.* 327, 330, 676 *A.2d* 1065 (1996).

I

The medical malpractice action filed subsequent to the *Rule* 4:11–1 petition for pre-suit depositions involves injuries sustained by plaintiff Woodrow Hall during surgery at Burdette Tomlin Memorial Hospital (BTMH) in August 1995. Hall was admitted to the emergency room at BTMH on August 15, 1995, after a surfing accident in which he lacerated the jugular vein on the left side of his neck. During the surgery to repair the laceration, Hall suffered cardiac arrest and was without oxygen for more than ten minutes. Hall currently is a patient at Mediplex Rehabilitation Center in Camden and remains in a low-level cognitive state.

Shortly after surgery, Dr. Robert Salasin, Hall's surgeon, informed members of Hall's family that he believed the cardiac arrest during surgery was caused by a problem with the endotracheal tube inserted in Hall to facilitate anesthesia. Hall's family then retained counsel in order to determine whether Hall's permanent brain damage was caused by the negligence of any of the health care professionals who participated in the surgical procedure. Hall's counsel obtained the BTMH operative records, that were stamped "incomplete," and contained an anesthesia record that was substantially illegible. The anesthesia record contained no legible indication of any irregularity concerning the endotracheal tube and the operative records did not explain why cardiac arrest occurred during surgery. Hall's counsel attempted to meet with Dr. Salasin, but Dr. Salasin's attorney advised him not to discuss the matter.

In September 1995, Hall's counsel filed a petition pursuant to *Rule* 4:11–1 in support of an order to compel the pre-suit depositions of Drs. Salasin, Patel, and Rodericks, and of John D. Marstella, C.R.N.A. The petition specifically asserted that the depositions were essential because of the provisions of the Affidavit of Merit Statute. Those provisions require the filing within sixty days of each defendant's answer to a malpractice complaint of an affidavit by a qualified expert stating that there exists a reasonable probability that the professional service that is the subject of the complaint deviated from acceptable professional standards. The relevant statutory language provides:

2A:53A–27.  Affidavit required in certain actions against licensed persons

In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause. The person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.

2A:53A–28   Sworn statement in place of affidavit permitted

An affidavit shall not be required pursuant to section 2 of this act if the plaintiff provides a sworn statement in lieu of the affidavit setting forth that: the defendant has failed to provide plaintiff with medical records or other records or information having a substantial bearing on preparation of the affidavit; a written request therefor along with, if necessary, a signed authorization by the plaintiff for release of the medical records or other records or information requested, has been made by certified mail or personal service; and at least 45 days have elapsed since the defendant received the request.

2A:53A–29   Failure to provide affidavit or statement

If the plaintiff fails to provide an affidavit or a statement in lieu thereof, pursuant to section 2 or 3 of this act, it shall be deemed a failure to state a cause of action.

[*N.J.S.A.*   2A:53A–27 to –29 (footnotes omitted).]

The petition further alleged that the purpose of the depositions was to ascertain why Hall suffered cardiac arrest during surgery.

The Law Division granted the petition, ordering that the depositions be conducted within twenty days. The prospective deponents appealed to the Appellate Division, which denied a stay of the depositions pending appeal. This Court, however, granted a stay. (Apparently, Dr. Salasin did not seek a stay of his deposition, which was taken on October 18, 1995.) The Appellate Division granted Woodrow Hall's motion for summary disposition, affirming the order of the Law Division granting pre-suit depositions. We granted the petition for certification filed by the prospective deponents, and again stayed the depositions.

Subsequently, in February 1996, suit was instituted on behalf of Woodrow Hall and his dependents against BTMH and various health care providers. In that proceeding, the deposition of defendant John D. Marstella began on March 29, 1996; the deposition of Dr. Roderick was taken on April 28, 1996; and the deposition of Dr. Patel was taken on July 1, 1996. Although the hospital records are silent about any problem concerning fluid replacement during surgery, counsel for Woodrow Hall asserts that both Dr. Rodericks and Nurse Marstella testified that Hall needed fluid replacement during surgery, and that Dr. Salasin ordered that blood sent to the operating room for Hall be returned to the blood bank. Dr. Rodericks expressed the view that Hall's blood loss and lack of fluid replacement contributed to his cardiac arrest.

In addition, Hall's counsel alleges that although the hospital records omit any mention of replacement of the endotracheal tube during surgery, both Dr. Salasin and Dr. Patel, the anesthesiologist who entered the operating room during Hall's surgery, confirmed that the tube was replaced. Dr. Patel testified that he changed the tube because the carbon dioxide monitor registered a zero reading and he detected no breath sounds from Hall's lungs. Marstella and Rodericks confirmed that the tube was replaced

during surgery because it developed a leak in the cuff, which they attributed to a possible puncture caused by the surgeon.

After several of the health care defendants filed answers to the complaint, counsel for Woodrow Hall sought an order declaring that the requirement to file an affidavit of merit was waived because of defendants' failure adequately to provide requested medical records, or extending the time to file the affidavits. The Law Division declined to excuse filing of the affidavits of merit, but extended the time for filing. The Appellate Division denied leave to appeal. This Court stayed the order of the Law Division requiring filing of the affidavits of merit in the pending action.

## II

### A. *Rule* 4:11–1

Relying on *Rule* 4:11–1, the Law Division ordered pre-suit depositions of several health care providers identified by plaintiff's counsel as individuals likely to possess knowledge about whether Woodrow Hall's injuries were caused by malpractice. The petition alleged that plaintiff was unable to file suit without ascertaining in advance through depositions what had transpired in the operating room, and that compliance with the affidavit of merit statute would be extremely difficult without pre-suit depositions.

*Rule* 4:11–1 provides in part as follows:

(a) Petition. A person who desires to perpetuate his or her own testimony or that of another person or preserve any evidence or to inspect documents or property or copy documents pursuant to R. 4:18–1 may file a verified petition, seeking an appropriate order, entitled in the petitioner's name, showing: (1) that the petitioner expects to be a party to an action cognizable in a court of this State but is presently unable to bring it or cause it to be brought; (2) the subject matter of such action and the petitioner's interest therein; (3) the facts which the petitioner desires to establish by the proposed testimony or evidence and the reasons for desiring to perpetuate or inspect it; (4) the names or a description of the persons the petitioner expects will be opposing parties and their addresses so far as known; (5) the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each; and (6) the names and addresses of the persons having control or custody of the documents or property to be inspected and a description thereof.

. . . .

(c) *Order and Examination.* If the court finds that the perpetuation of the testimony or evidence or the inspection may prevent a failure or delay of justice, it shall make an order designating or describing the evidence to be preserved, or the documents or property to be inspected or the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written interrogatories. The depositions or inspection may then be taken in accordance with these rules; and the court may make such orders as are provided for by R. 4:18 and R. 4:19.

We note that *Rule* 4:11–1 is substantially identical to *Rule* 27(a) of the *Federal Rules of Civil Procedure* (*FRCP* ), its principal difference from *FRCP* 27(a) deriving from its authorization to perpetuate documentary evidence as well as testimony. Because our *Rule* 4:11–1 was based on *FRCP* 27(a), reference to federal decisions addressing the scope and application of *FRCP* 27(a) informs our understanding of the intended use of *Rule* 4:11–1. *See Freeman v. Lincoln Beach Motel,* 182 *N.J.Super.* 483, 485, 442 *A.*2d 650 (Law Div.1981).

The federal court decisions applying *FRCP* 27(a) uniformly hold that the rule's authorization of pre-suit depositions was not designed to assist plaintiffs in framing a cause of action, but was intended for cases in which there existed a genuine risk that testimony would be lost or evidence destroyed before suit could be filed and in which an obstacle beyond the litigant's control prevents suit from being filed immediately. Thus, in *In re Ferkauf,* 3 *F.R.D.* 89 (S.D.N.Y.1943), the petitioner alleged an intention to file suit against his former employer to recover unpaid overtime as well as minimum wages, and sought pre-suit depositions to ascertain the dates and times that he had worked in order to acquire the facts necessary to permit the filing of a complaint. In denying the petition, the court noted that the Advisory Committee that drafted the *Federal Rules of Civil Procedure* intended *FRCP* 27(a)

to apply to situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately, without waiting until after a suit or other legal proceeding is commenced. Such testimony would thereby be perpetuated or kept in existence and, if necessary, would be available for use at some subsequent time.

[*Id.* at 91.]

In addition, the court rejected the contention that *FRCP* 27(a) could be used to assist a litigant in discovering facts necessary to plead a cause of action:

> From the foregoing it seems clear that rule 27 was not intended to be used as a discovery statute; that its purpose was not to enable a prospective litigant to discover facts upon which to frame a complaint. Rule 26, and not rule 27, provides the method for discovering facts and that rule may be availed of only after action has been commenced.

[*Ibid.*]

Similarly, in *In re Johanson Glove Co.*, 7 *F.R.D.* 156 (E.D.N.Y. 1945), the petition for pre-suit depositions alleged that the prospective plaintiff required depositions in advance of suit to determine whether to file a complaint seeking legal or equitable relief. Rejecting the petition, the court observed that

> a litigant may *perpetuate* testimony in a situation where he has demonstrated that he cannot commence an action, and therefore may be the victim of injustice if he cannot guard against the loss of evidence which is presently available and would be presently usable if the obstacle against the commencement of an action did not exist.
>
> . . . .
>
> As a basis for that privilege the litigant must not only show that he has a cause of action, but also that he is presently unable to commence that action, not because he is worried about the phraseology of the complaint, but because there is some obstacle beyond his control that prevents him from bringing it.

[*Ibid.*]

Thus, the federal courts consistently deny *FRCP* 27(a) petitions filed to ascertain evidence on which to base a cause of action, and require as a prerequisite to the grant of *FRCP* 27(a) petitions a showing that testimony is in danger of being lost unless depositions are taken immediately. *See, e.g., Ash v. Cort,* 512 *F.*2d 909, 913 (3d Cir.1975) (affirming denial of *FRCP* 27(a) petition requesting perpetuation of testimony based only on conclusory allegation that corporate officers and directors of prospective defendant are over fifty years of age with fading memories); *In re Sims,* 389 *F.*2d 148, 149–51 (5th Cir.1967) (reversing denial of *FRCP* 27(a) petition where petitioners were barred from filing federal habeas corpus petitions until state remedies were exhausted and essential

witness was about to depart for long-term stay in Peru); *Texaco, Inc. v. Borda,* 383 *F.*2d 607, 609 (3d Cir.1967) (reversing denial of *FRCP* 27(a) petition to allow deposition of seventy-one year old witness when civil action stayed indefinitely pending outcome of parallel criminal proceeding); *De Wagenknecht v. Stinnes,* 250 *F.*2d 414, 416–18 (D.C.Cir.1957) (affirming grant of *FRCP* 27(a) petition to perpetuate testimony of seventy-four year old witness that supported petitioner's claim to recover property vested in Attorney General where petitioner's suit to recover property is barred indefinitely by federal legislation); *In re Rosario,* 109 *F.R.D.* 368, 370–71 (D.Mass.1986) (denying *FRCP* 27(a) petition based primarily on assertion that pre-suit depositions are needed because of rapid turnover of personnel at Veteran's Administration Hospital); *In re Boland,* 79 *F.R.D.* 665, 667 (D.D.C.1978) (denying *FRCP* 27(a) petition in absence of showing that prospective deponents will be unavailable to testify after suit is instituted); *In re Wolfson,* 453 *F.Supp.* 1087, 1096 (S.D.N.Y.1978) (denying *FRCP* 27(a) petition where petitioner failed to establish inability to institute suit or likelihood that testimony is likely to be lost); *In re Gurnsey,* 223 *F.Supp.* 359, 360 (D.D.C.1963) (vacating prior order granting *FRCP* 27(a) petition, and observing that *FRCP* 27(a) procedure "is not a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted").

Those states that have adopted a pre-suit deposition rule patterned after *FRCP* 27(a) generally have followed the criteria relied on by federal courts in resolving pre-suit applications to perpetuate testimony. *See, e.g., In re Miranne,* 626 *So.*2d 744, 745 (La.App.1993) (denying petition to perpetuate testimony where petitioner's admitted purpose was to use deposition in effort to establish grounds for suit); *Powers v. Planned Parenthood,* 677 *A.*2d 534, 537–38 (Me.1996) (affirming order to perpetuate testimony where prospective plaintiff was afflicted with cancer, had two weeks to live, and could not file suit until malpractice pre-litigation screening panel had reviewed claim and made recommendation); *Allen v. Allen,* 105 *Md.App.* 359, 659 *A.*2d 411, 418–19 (1995)

(denying petition to perpetuate testimony where petitioner's objective was to establish foundation for suit and petitioner made insufficient showing that evidence sought would be unavailable after suit); *Sandmann v. Petron,* 404 *N.W.*2d 800, 801–02 (Minn. 1987) (denying petition for pre-suit deposition alleged to be necessary to comply with statute requiring affidavit of expert review to be filed simultaneously with summons and complaint in malpractice action, and holding that pre-suit deposition of treating chiropractor should not be permitted where petitioner's purpose is to elicit facts to provide basis for cause of action); *Sunrise Hosp. v. District Court,* 110 *Nev.* 52, 866 *P.*2d 1143, 1145–46 (1994) (reversing grant of petition for pre-suit depositions, and holding that such petitions may be granted only to preserve testimony in danger of loss or destruction, and not for purpose of allowing petitioner to obtain information with which to formulate complaint); *Harmon v. Mercy Hosp.,* 460 *N.W.*2d 404, 406–07 (N.D.1990) (reversing order granting application for pre-suit discovery and holding that petitioner's application to examine her personnel file to ascertain reasons for imposition of discipline should be denied in absence of showing that records would not be available after institution of suit).

The only other reported decision in this state to consider the appropriate use of *Rule* 4:11–1 applied the rule in a manner consistent with the analogous federal and out-of-state decisions. In *Sturm v. Feifer,* 186 *N.J.Super.* 329, 452 *A.*2d 686 (App.Div. 1982), decedent's will left his estate to his second wife. Decedent's children from his first marriage alleged that an agreement existed between their late father and his second wife to make reciprocal wills pursuant to which the second wife would leave her estate to the children. Believing that the second wife would not fulfill the alleged contract or would change her will to disinherit them, the children filed a *Rule* 4:11–1 petition to depose the drafter of their father's will and a witness who allegedly had knowledge of the agreement to make reciprocal wills. The drafter and the witness were the only sources of evidence that petitioners had to prove the existence of the agreement. Clearly, petitioners could not file a

lawsuit against the second wife at that time because the second wife had not yet died. Petitioners claimed that because of the advanced ages of the drafter and the witness there was a substantial likelihood that both would die by the time that petitioners could bring an action against the second wife. Reversing the trial court's denial of the petition for pre-suit depositions, the Appellate Division held that because petitioners had clearly demonstrated (1) that they expected to be parties to a future litigation, (2) that they could not presently bring that litigation, and (3) that there was a likelihood that the testimony they sought would be unavailable by the time the petitioners were able to bring suit, "the trial judge abused his discretion in barring the perpetuation of the testimony of the only witnesses, at least two of them elderly, with direct knowledge as to whether there were in fact simultaneous reciprocal wills . . . ." *Id.* at 333–34, 452 *A.*2d 686.

Occasional criticism has been expressed about the restrictive manner in which *FRCP* 27(a) and its state counterparts have been applied. *See* Nicholas A. Kronfeld, *The Preservation and Discovery of Evidence Under Federal Rule of Civil Procedure 27,* 78 *Geo. L.J.* 593, 621 (1990) (urging expanded use of pre-suit depositions in cases requiring specific allegations of fault in or contemporaneously with initial pleading and in which requisite facts cannot be discovered without pre-suit depositions). A North Dakota Supreme Court Justice has criticized the federal decisions that preclude use of *FRCP* 27(a) to establish facts necessary to frame a cause of action:

> Viewed in the light of the historical development of the Federal Rules of Civil Procedure, the federal decisions refusing discovery to aid in preparation of a complaint seem anomalously hostile to the basic concept of discovery. The unfavorable federal decisions are wrong historically and wrong textually. They should not be followed.
>
> [*Harmon, supra,* 460 *N.W.*2d at 409 (Meschke, J., dissenting).]

Similarly, a Minnesota Supreme Court Justice urged that that state's pre-suit deposition rule be applied more flexibly to facilitate compliance with Minnesota's affidavit of merit statute:

> The majority places too narrow and too conservative an interpretation on this rule. Such barren interpretations of rules promote more uncertainty and litigation

rather than less.... If a chiropractor does not keep notes or a medical history, taking his deposition may be the only means of eliciting the evidence necessary for consultation with an outside expert.

[*Sandmann, supra*, 404 *N.W.*2d at 803 (Yetka, J., dissenting).]

### B. Affidavit of Merit Statute

The Affidavit of Merit Statute, *N.J.S.A.* 2A:53A-26 to -29, on which Woodrow Hall relies in asserting the need for pre-suit depositions in this and similar cases, applies to actions for damages for personal injuries, wrongful death or property damage resulting from malpractice or negligence by a licensed person engaged in his profession or occupation. The term "licensed person" includes accountants, architects, attorneys, dentists, engineers, physicians, podiatrists, chiropractors, professional nurses and health care facilities. *See N.J.S.A.* 2A:53A-26. The statute mandates that in suits to which the statute applies the plaintiff, within sixty days of the filing of an answer to the complaint by each defendant, must provide that defendant with an affidavit by a qualified licensed expert in the professional field involved in the action certifying "that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices." *N.J.S.A.* 2A:53A-27. For good cause, a court may grant one extension of time for filing the affidavit, not to exceed sixty days. *Ibid.* Failure to file an affidavit of merit concerning a specific defendant constitutes a failure to state a cause of action against that defendant. *N.J.S.A.* 2A:53A-29. No affidavit of merit shall be required if the plaintiff files a sworn statement certifying (1) that the plaintiff, by certified mail or personal service, requested the defendant in question to deliver medical records or information having a substantial bearing on preparation of the affidavit and enclosed an authorization for release of the records, and (2) that the defendant failed to deliver the requested records or information notwithstanding the passage of forty-five days since service of the request. *N.J.S.A.* 2A:53A-28.

The legislative history pertinent to the Affidavit of Merit Statute supports the conclusion that its purpose was to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation. *See* Peter Verniero, Chief Counsel to the Governor, *Report to the Governor on the Subject of Tort Reform* (Sept. 13, 1994).

### III

Our thorough review of the federal cases applying *FRCP* 27(a) and the state cases implementing state rules of practice based on *FRCP* 27(a) demonstrates that *Rule* 4:11–1 was not intended to authorize pre-suit discovery for the sole purpose of assisting a prospective plaintiff in acquiring facts necessary to frame a complaint. The weight of authority throughout the country compels the conclusion that the Law Division's pragmatic application of *Rule* 4:11–1 in order to facilitate plaintiff's compliance with the Affidavit of Merit Statute was inconsistent with the prevailing understanding of the Rule's intended use. That understanding reveals that a plaintiff's possible inability to plead a cause of action, or to comply with the mandate of an affidavit of merit statute, does not constitute an adequate showing to justify the grant of a petition for pre-suit discovery.

Nevertheless, despite the historical understanding of the appropriate use of *FRCP* 27(a) and its state counterparts, we cannot be indifferent to the concerns expressed by plaintiff's counsel and by *amicus curiae* that the Affidavit of Merit Statute occasionally will impose a burdensome mandate on plaintiffs with meritorious malpractice claims and that judicial discretion to authorize pre-suit discovery may be an essential mechanism to guard against the dismissal of valid claims.

We note that the statute contains built-in safeguards to prevent deliberate obstruction or frustration of the statutory mandate. The time for filing the affidavit is calculated not from the date the complaint is filed but from the date of each defendant's answer.

For good cause the sixty-day period within which the affidavit must be filed can be extended by an additional sixty days. Finally, if the plaintiff certifies that a defendant refused for forty-five days to provide the plaintiff with medical records or information substantially pertinent to the required affidavit, the filing of the affidavit is not required.

We also note that the content of the expert's affidavit is summary in nature, and that the required statement of opinion that the defendant's work or treatment fell outside acceptable professional standards need not be accompanied by the same detailed explanation and analysis that ordinarily would be contained in an expert's report required to be furnished pursuant to *Rule* 4:17–4(e). In that respect, the statute requires only that the expert whose affidavit is filed certify that a reasonable probability exists that the defendant in question deviated from professional standards. If the affiant is also to serve as an expert witness at trial, the detailed analysis supporting that conclusion need not be provided until the defendant demands production of expert reports.

Defendants contend that pre-trial discovery adequately provides malpractice plaintiffs with the opportunity to obtain information sufficient to enable a qualified expert to provide an affidavit of merit within the statutory time frame. Plaintiff contends that in unique cases, such as the one before us, even expedited discovery may not uncover sufficient information about a deviation from accepted standards to provide a basis for the timely filing of an affidavit of merit. Moreover, plaintiff and *amicus curiae* contend that dilatory tactics by defense counsel in malpractice cases could frustrate attempts to conduct and complete expedited discovery in time to comply with the statutory mandate.

Although we assume that pre-suit discovery, as a mechanism for enabling compliance with the Affidavit of Merit Statute, will be essential only in exceptional circumstances, our Rules Governing Civil Practice should be sufficiently flexible to avoid the risk that even a few meritorious cases may be dismissed for non-compliance

with the Statute. Accordingly, we request the Civil Practice Committee promptly to undertake an evaluation of the practical implications of the Affidavit of Merit Statute in order to determine whether, and if so under what terms and conditions, trial courts should be authorized to permit pre-suit discovery in order to prevent unjustified dismissals of meritorious malpractice suits. We anticipate that the Civil Practice Committee's report will include recommendations, if appropriate, for amendment to the Rules Governing Civil Practice.

Pending receipt and implementation of the Civil Practice Committee's recommendations, trial courts are authorized in exceptional circumstances to grant petitions for pre-suit discovery in malpractice cases if in their discretion they are persuaded, notwithstanding the safeguards contained in the statute, that such relief is essential in order to permit the plaintiff to comply with the provisions of the Affidavit of Merit Statute. Any such orders granting pre-suit discovery should be issued pursuant to *Rules* 4:11–1 and 1:1–2. We anticipate that such orders will be issued sparingly and only where necessary to avoid unjust dismissals.

## IV

The legal issue that was the subject of the Court's grant of certification having been rendered moot, we neither affirm nor reverse the judgment of the Appellate Division. We vacate the order staying the Law Division's order requiring filing of the affidavits of merit in the pending action.

*For vacation*—Chief Justice PORITZ, and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN and COLEMAN—7.

*Opposed*—None.