975 A.2d 971 (2009)
408 N.J. Super. 590
Abby RYAN and Kirk Ryan, Plaintiffs-Respondents,
v.
Andrew RENNY, M.D., Defendant-Appellant.
DOCKET NO. A-0176-08T3.
Superior Court of New Jersey, Appellate Division.
Argued February 4, 2009.
Decided August 3, 2009.
*972 James M. Ronan, Jr., Tinton Falls, argued the cause for appellant (Ronan, Tuzzio & Giannone, attorneys; Lauren H. Zalepka, of counsel and on the brief).
Michael J. Pender, Atlantic City, argued the cause for respondents (Targan & Pender, attorneys; Eric Meehan, on the brief).
Before Judges STERN, RODRÍGUEZ and WAUGH.
The opinion of the court was delivered by
RODRÍGUEZ, A.A., P.J.A.D.
In this appeal, we construe N.J.S.A. 2A:53A-41c, which permits, under appropriate circumstances, a waiver of the specialty criteria required of a person either testifying as an expert witness or executing an Affidavit of Merit in a medical malpractice action. The statute provides that such person must be a specialist in the same area or subspecialty of the medical malpractice defendant. N.J.S.A. 2A:53A-41a. However, the court may waive the specialty requirement if: (1) the plaintiff can show "to the satisfaction of the court that a good faith [but unsuccessful] effort has been made to identify an expert in the same specialty or subspecialty;" and (2) another physician, who is not a specialist in the area of practice, "possesses sufficient training, experience and knowledge to provide the testimony." N.J.S.A. 2A:53A-41c. Here, three experts in the specialty were identified, but all declined to author an Affidavit of Merit in favor of plaintiff. We hold a waiver should not have been granted.
These are the salient facts. Andrew Renny, M.D., appeals from the July 30, 2008 order in favor of plaintiffs Abby Ryan and Kirk Ryan, which: (1) granted plaintiffs' motion to waive the specialty requirements set by N.J.S.A. 2A:53A-41; and (2) denied Dr. Renny's motion to dismiss the complaint for failure to comply with the Affidavit of Merit Statute, N.J.S.A. 2A:53A-26 to -29(AMS). We granted leave to appeal[1] and now reverse.
It is undisputed that on January 29, 2007, Dr. Renny, a board certified gastroenterologist, performed a colonoscopy on Abby Ryan. Plaintiffs allege that Dr. Renny negligently performed the colonoscopy resulting in perforation of the bowel. Plaintiffs sued Dr. Renny. In support of their complaint, plaintiffs submitted an Affidavit of Merit by David Befeler, M.D., a surgeon who is not board certified in gastroenterology and who has not performed a colonoscopy in several years.
Dr. Renny objected to the affidavit. Dr. Renny's counsel sought a telephone conference pursuant to Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 154-55, 836 A.2d 779 (2003), to resolve the dispute. However, the dispute remained unresolved following the conference.
After the expiration of the 120-day deadline for providing an Affidavit of Merit, Dr. Renny moved to dismiss plaintiffs' *973 complaint with prejudice for failure to submit an Affidavit of Merit by a person meeting the specialty criteria set by N.J.S.A. 2A:53A-41. Plaintiffs cross-moved for a waiver of the specialty requirements pursuant to section -41c of the same statute. In support of the cross-motion, plaintiffs provided Dr. Befeler's curriculum vitae and portions of his testimony at a 2004 deposition. According to the curriculum vitae, Dr. Befeler last published in the area of gastroenterology in the 1960s and the deposition testimony indicated he had last performed a colonoscopy "several years" prior to 2004. Plaintiffs' counsel also certified as follows:
5. Prior to filing the Complaint, I have fully complied with provisions of N.J.S.A. 2A:53A-41c.
6. I have contacted an attorney in Atlantic County specializing in a field of medical malpractice who provided me with the name of a specialist in this specialty. I contacted an attorney in Cherry Hill with a high level of expertise in medical malpractice who provided me a second individual Board Certified in that specialty. I also contacted an extremely well-known attorney in North Jersey who provided me with the name of a third physician with certifications in the field of gastroenterology.
7. Following the receipt of the names of the above individuals, I contacted each of the physicians, and generally outlined the facts relating to the case in question, and each of them declined to provide an opinion relating to the actions of the defendant Andrew Renny, M.D.
8. Following the above, I contacted Dr. David Befeler, who, although not certified in each of the sub-specialties of gastroenterology and internal medicine, has an enormous amount of experience, knowledge and skill relating to the issues involved in this case, and has been qualified by the Court of New Jersey to give opinions on these types of issues that we have in this case, a large tear in the colon.
At oral argument, the judge pointed out the fact that there were no decisions (published or unpublished) which commented on the N.J.S.A. 2A:53A-41 waiver provision. The judge asked for clarification from plaintiffs' counsel as to whether Dr. Befeler was performing colonoscopies at the present time. In response, plaintiffs' counsel provided a certification from Dr. Befeler in which he indicated that he does not currently perform colonoscopies. Plaintiffs' counsel argued, however, that Dr. Befeler, as a general surgeon, is "constantly involved in the colon, surgery relating to the colon, procedures relating to the colon, and at the current time."
After a subsequent oral argument, the judge granted plaintiffs' motion to waive the specialty requirement for Dr. Befeler and denied Dr. Renny's motion to dismiss the complaint. Dr. Renny moved for leave to appeal. We granted leave.
On appeal, Dr. Renny contends that "plaintiffs' complaint must be dismissed with prejudice for failure to comply with the [AMS]." We agree that the Affidavit of Merit provided here fails because its author does not meet the specialty criteria and a waiver should not have been granted.
We begin our analysis of the governing statutes. The AMS was enacted in 1995 with the aim of weeding out frivolous malpractice cases by providing for early dismissals. In re Petition of Hall, 147 N.J. 379, 391, 688 A.2d 81 (1997); Hyman Zamft and Manard, L.L.C. v. Cornell, 309 N.J.Super. 586, 593, 707 A.2d 1068 (App. Div.1998). It requires that in any medical malpractice action plaintiff must provide each defendant with an expert's affidavit *974 within sixty days[2] after the filing of the defendant's answer. N.J.S.A. 2A:53A-27. The affidavit must state that, in the affiant's opinion, the defendant probably deviated from the applicable professional standard of care. Ibid. Initially, the only requirement of the AMS with regard to the affiant's qualifications was that the affiant possess "expertise in the general area or specialty involved." Ibid.
The AMS was modified, effective July 7, 2004, as a result of the enactment of the New Jersey Medical Care Access and Responsibility and Patients First Act, L. 2004, c. 17. This comprehensive package of tort reform legislation was enacted to address the "dramatic escalation in medical malpractice liability insurance premiums, which is creating a crisis of affordability in the purchase of necessary liability coverage for our health care providers." N.J. State Bar Ass'n v. State, 387 N.J.Super. 24, 36, 902 A.2d 944 (App.Div.), certif. denied, 188 N.J. 491, 909 A.2d 726 (2006).
The 2004 amendment increased the requirements of a person testifying as an expert or executing an Affidavit of Merit in a medical malpractice action. One of the new requirements is: "[i]f the party against whom or on whose behalf the testimony is offered is a specialist ... and the care or treatment at issue involves that specialty ... the person providing the testimony shall have specialized at the time of the occurrence that is the basis for the action in the same specialty...." N.J.S.A. 2A:53-41a. If the defendant is board certified, the expert must be similarly board-qualified. Ibid.
The 2004 amendment also included N.J.S.A. 2A:53A-41c, the waiver section, which reads:
A court may waive the same specialty or subspecialty recognized by the American Board of Medical Specialties or the American Osteopathic Association and board certification requirements of this section, upon motion by the party seeking a waiver, if, after the moving party has demonstrated to the satisfaction of the court that a good faith effort has been made to identify an expert in the same specialty or subspecialty, the court determines that the expert possesses sufficient training, experience and knowledge to provide the testimony as a result of active involvement in, or full-time teaching of, medicine in the applicable area of practice or a related field of medicine.
[N.J.S.A. 2A:53A-41c.]
Here, Dr. Renny is a board certified internist and gastroenterologist. Therefore, pursuant to N.J.S.A. 2A:53A-41a, the Affidavit of Merit must be executed by a physician who practices either internal medicine or gastroenterology and is board certified in either specialty. Plaintiffs sought a waiver pursuant to N.J.S.A. 2A:53A-41c. It is undisputed that plaintiffs' counsel identified three physicians near Atlantic County who were specialists in gastroenterology. However, after counsel "generally outlined the facts relating to the case in question, ... each of them declined to provide an opinion relating to the actions of the defendant." There is no explanation as to why they declined, which is a crucial failure in plaintiffs' application for a section 41c waiver.
The 2004 amendments must be read in the context of the Legislature's clear purpose to weed out frivolous malpractice cases at the outset of litigation. In re Petition of Hall, supra, 147 N.J. at 391, 688 A.2d 81. Consequently, the obvious intent of section 41, as expressed in its unambiguous language, is to require a testifying expert or affiant of an Affidavit of Merit to possess the higher qualification of *975 a specialist or subspecialist, rather than the qualifications possessed by a generalist. N.J.S.A. 2A:53A-41. Just as obvious, the waiver provision would be circumvented if a plaintiff could get a waiver merely by showing that specialists in the area are unwilling to sign an Affidavit of Merit for the plaintiff. In order to obtain a waiver of the specialty requirement, there has to be an explanation for such unwillingness on the part of the potential affiants. For instance, the physician: has a conflict with the parties or counsel; does not testify in court or execute affidavits in connection with litigation; or has limited his activities to one geographical area. In those instances, if the court is satisfied that the explanation for the declination is legitimate, the court may proceed to step two; scrutiny of the proposed expert's training, knowledge and expertise.
Moreover, we add that a good effort requires that more than one specialist be contacted.
We reject plaintiffs' argument that it does not matter why the specialists decline because the mere act of being unable to obtain an affiant who is a specialist suffices to obtain a waiver. Once again, that would circumvent the objective of the AMS and the section 41c waiver provision, which was undoubtedly enacted to preserve meritorious cases where appropriately qualified experts are either rare or for some reason unavailable to the plaintiff. In this case, plaintiffs chose to provide no information regarding why each of the three experts that were consulted would not sign an Affidavit of Merit.
Accordingly, the July 30, 2008 waiver order is reversed and the complaint is dismissed for failure to comply with the AMS.
NOTES
[1] Ryan v. Renny, No. AM-824-07T3 (App.Div. Sept. 9, 2008).
[2] This deadline may be extended by an additional sixty days. N.J.S.A. 2A:53A-27.