NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3268-14T2

LUIS PEREZ,

    Plaintiff-Respondent,

v.

ZAGAMI, LLC, d/b/a THE LANDMARK
AMERICANA TAP AND GRILL, d/b/a
LANDMARK LIQUORS, d/b/a THE SPOT,

    Defendant,

and

NASH LAW FIRM, LLC, WILLIAM A.
NASH, ESQ., and ALAN A. REUTER,
ESQ.,

    Defendants-Appellants.

_____

| APPROVED FOR PUBLICATION |
| :---: |
| **January 12, 2016** |
| **APPELLATE DIVISION** |

Argued December 1, 2015 — Decided January 12, 2016

Before Judges Fisher, Espinosa, and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Docket No. L-1248-10.

John L. Slimm argued the cause for appellants (Marshall, Dennehey, Warner, Coleman & Goggin, attorneys; Mr. Slimm, Arthur F. Wheeler, Jeremy J. Zacharias, and Dante C. Rohr, on the briefs).

Wesley G. Hanna argued the cause for respondent (Law Office of Sander D. Friedman, attorneys; Mr. Hanna, on the brief).

The opinion of the court was delivered by

CURRIER, J.S.C. (temporarily assigned).

After the successful dismissal of a defamation case which had been brought against plaintiff Luis Perez by the Zagami[1] defendants, Perez filed a complaint for malicious use of process against Zagami and their attorneys. The Nash[2] defendants moved to dismiss the complaint, arguing that Perez required an affidavit of merit to sustain his claim against them. We granted leave to appeal after the trial judge denied the motion. Because we find that a malicious use of process action is an intentional tort requiring proof of malice and not a deviation from a standard of care, Perez does not need an affidavit of merit to support the claim. We, therefore, affirm.

Perez and Zagami have a long history of litigation between them. The backdrop for the current dispute and the relationship between the parties has been described in a reported decision. See Zagami, LLC v. Cottrell, 403 N.J. Super. 98 (App. Div.

---

[1] Zagami LLC operates a restaurant, bar and grill, liquor store and night club under the names The Landmark Americana Tap and Grill and Landmark Liquors. We will refer to these entities collectively as Zagami.

[2] William A. Nash and Alan A. Reuter are attorneys at the Nash Law Firm, LLC. We will refer to them collectively as Nash.

2008), certif. denied, 189 N.J. 309 (2009). We set forth these additional facts necessary for our consideration of this appeal.

After Perez voiced his objections to the renewal of Zagami's liquor license during a public hearing on the matter,[3] Zagami retained the Nash firm to file a Strategic Lawsuit Against Public Participation (SLAPP) suit, alleging defamation and the related torts of commercial disparagement, trade libel, interference with business relations and civil conspiracy. Id. at 101-03. We affirmed the dismissal of that suit, finding Perez's statements at the municipal hearing to be protected by the litigation privilege and therefore non-actionable. Id. at 112.

Following our decision, Perez filed a SLAPP-back suit against Zagami for malicious use of process, alleging that the defamation complaint: (1) lacked probable cause, (2) was actuated by malice, (3) had concluded in Perez's favor, (4) caused Perez to incur substantial attorney's fees, and (5) had the effect of discouraging Perez from participating in future public proceedings. Zagami moved to dismiss the complaint, stating that Perez had failed to state a cause of action under Rule 4:6-2(e) in that the defamation allegations were privileged

---

[3] Zagami ultimately prevailed on its application when the municipal council renewed its liquor license.

as they were based on the advice of counsel. Perez, thereafter, moved for leave to amend his complaint to name Nash and the individual attorneys as defendants. The trial judge granted Zagami's motion to dismiss, finding that Perez had failed to meet the required element that Zagami's defamation complaint lacked probable cause and denied Perez's cross-motion to amend the complaint.

We reversed both decisions in Perez v. Zagami, No. A-3296-10 (App. Div. July 12, 2012) (slip op. at 18), rev'd in part, 218 N.J. 202 (2014). In addressing the failure to meet the required elements of the malicious use of process, we noted: "Glassboro's liquor license renewal procedures, and Perez's participation in those procedures, more than meet the long-established test for quasi-judicial proceedings, and no reasonable person would have believed otherwise at the time Zagami filed its defamation complaint." Id. at 13. Perez, therefore, had met his burden on the motion to dismiss.

As to Perez's request to name the Nash attorneys as additional parties in the SLAPP-back suit, we stated: "when the advice-of-counsel defense is asserted, the party seeking relief may then pursue a cause of action against the attorney claimed to have been the source of that advice as well." Id. at 18 (quoting LoBiondo v. Schwartz, 199 N.J. 62, 73 (2009)). We

found that Perez was entitled to pursue his claim against the Nash firm.

On remand, Nash moved to dismiss the case, alleging that plaintiff had failed to provide an affidavit of merit pursuant to N.J.S.A. 2A:53A-27, thus requiring dismissal. After the denial of the motion, we granted defendants' leave to appeal.

The issue before us is one of first impression as we are asked to determine if an affidavit of merit is required to support Perez's malicious use of process claim against the attorneys who provided counsel to his adversary — their clients. We conclude it is not.

Preliminarily, we note the long-standing reluctance in permitting a nonclient to sue an adversary's attorney. The Court addressed this in LoBiondo stating:

> Our reluctance to permit nonclients to institute litigation against attorneys who are performing their duties is grounded on our concern that such a cause of action will not serve its legitimate purpose of creating a remedy for a nonclient who has been wrongfully pursued, but instead will become a weapon used to chill the entirely appropriate zealous advocacy on which our system of justice depends.
>
> [LoBiondo, supra, 199 N.J. at 100-01.]

As there is no direct relationship between an attorney and a nonclient, there is no traditional duty owed. A SLAPP-back suit, as discussed in LoBiondo, affords a very limited

circumstance in which a nonclient can file suit against another's attorney. Id. at 100-03. Therefore, each element of the tort must be satisfied in order to preserve an attorney's ability to independently and zealously represent his client. Id. at 103-05.

Nash contends that Perez cannot meet his burden of supporting his claims without the appropriate expert testimony. They argue that the drafting and filing of a defamation complaint in connection with their representation of Zagami is providing a professional service, and therefore Perez is required to establish through expert testimony the applicable standard of care and the deviations from it. Nash argues that Perez has failed to comply with the legislative requirement of serving an affidavit of merit, applicable to any action against a licensed professional, and as a result his claim must fail.

We turn then to the affidavit of merit statute. N.J.S.A. 2A:53A-27 provides in pertinent part:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or

6

> work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

The "purpose of the statute is 'to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation.'" Cornblatt v. Barow, 153 N.J. 218, 242 (1998) (quoting In re Hall, 147 N.J. 379, 391 (1997)). Failure to provide an affidavit results in a dismissal of the complaint.

Perez contends that his complaint against Nash is neither founded in negligence nor malpractice, but rather lies in the intentional actions and malice on the part of the attorneys, thus rendering the statute inapplicable. In response, Nash argues that Perez is "disguising" a professional negligence claim under another label and that calling it an intentional tort does not relieve the necessity of providing an affidavit of merit. That concern was addressed in Couri v. Gardner, 173 N.J. 328 (2002). In that case, the plaintiff husband was involved in divorce proceedings and retained a psychiatrist to serve as his expert witness. Id. at 331. The expert prepared a preliminary report and distributed it to plaintiff's wife without the husband's knowledge or consent. Ibid. After the husband filed a complaint against the psychiatrist alleging breach of

contract, the psychiatrist moved to dismiss the case arguing that it sounded in professional malpractice, for which an affidavit of merit was required. Id. at 331-32. Plaintiff argued that he did not have to file an affidavit of merit because his claim was based in contract. Id. at 332. In addressing the issue, the Court stated:

> It is not the label placed on the action that is pivotal but the nature of the legal inquiry. Accordingly, when presented with a tort or contract claim asserted against a professional . . . rather than focusing on whether the claim is denominated as tort or contract, attorneys and courts should determine if the claim's underlying factual allegations require proof of a deviation from the professional standard of care applicable to that specific profession. If such proof is required, an affidavit of merit is required for that claim.
>
> [Id. at 340.]

In concluding the claim did not require an affidavit of merit, the Court determined that "[p]laintiff is not claiming that defendant erred in respect of the conclusions that he drew concerning psychiatric/medical matters or that defendant acted improperly from a psychiatric/medical standpoint," but rather that defendant acted improperly in his duty as an expert witness. Id. at 342.

In using the Couri test, we do not find that Perez has styled his complaint as something other than a negligence or

malpractice suit, for which the statute was meant to apply. He brings this SLAPP-back suit following the dismissal of the defamation action. Malicious use of process requires a plaintiff to prove five elements:

> (1) a[n] . . . action was instituted by this defendant against this plaintiff; (2) the action was motivated by malice; (3) there was an absence of probable cause to prosecute; . . . (4) the action was terminated favorably to the plaintiff. . . . [and (5)] that the plaintiff has suffered a special grievance caused by the institution of the underlying civil claim.

> [LoBiondo, supra, 199 N.J. at 90.]

The element at issue here is the requirement that the defamation action be motivated by malice. Nash contends that the scrutiny of its advice to Zagami regarding the defamation action and the subsequent drafting and filing of that complaint lie in professional malpractice. The claim, however, is not the alleged negligence of the attorney in doing his work; rather, it goes to the attorney's intentions and motive in doing the work. "[T]he evaluation of this essential element of proof requires an inquiry into the attorney's motive for filing the litigation." Id. at 109. Perez must prove Nash was motivated by malice in filing the claim against him. The nature of the legal inquiry is not whether Nash performed their work in accordance with the

applicable standard of care, but whether Nash provided advice and filed the claim with a malicious intent.

> [I]n order to demonstrate that the attorney's actions were "actuated by malice," the nonclient must demonstrate that the attorney's primary purpose was an improper one. In that analysis, the purpose may be the attorney's entirely separate one, or it may be one that is shared with the client, but it must be the primary purpose for filing the matter and it must be a purpose of the attorney rather than simply the purpose of the client.
>
> [Id. at 113 (citing Restatement (Third) of the Law Governing Lawyers § 57 comment d (2000)).]

We find that the determination of that purpose in the present circumstances does not require an affidavit of merit. The attorney's intent and purpose for the filing of the SLAPP suit can be discovered through interrogatories and depositions. When those facts are uncovered, the parties will be able to discern the propriety of the SLAPP suit.

In rejecting Nash's argument that the SLAPP-back suit required an affidavit of merit, and in further support of our conclusion, we are compelled to note the impracticalities surrounding a plaintiff's ability to obtain one in this situation. In the normal course of a professional malpractice claim, information such as medical reports or construction documents are provided to a potential expert to analyze and

provide an opinion as to whether there was a deviation from the accepted standard of care. A plaintiff in a SLAPP-back suit only learns of an advice of counsel defense upon the filing of a responsive pleading. Plaintiff has no knowledge as to the basis for this defense. It stems from a relationship between an attorney and client to which plaintiff is not privy. There are no facts for a plaintiff to provide to a potential expert for his review and opinion. The only basis for a bad advice claim against Nash comes from their client Zagami; it is not Perez's claim. Therefore, Perez does not have any information to provide in an affidavit of merit.

We conclude that the analysis of the motive of the attorney in the client's assertion of an advice of counsel defense to a SLAPP-back suit does not depend on proof of a deviation from a standard of care. The claim, therefore, lies beyond the purview of the affidavit of merit statute. As we find Perez was not required to file an affidavit of merit, we affirm the ruling of the trial judge.[4]

    Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] We express no opinion as to whether, during the course of the action, Perez may need to support some aspect of his claim or rebut some aspect of the defense with expert testimony.

A-3268-14T2