**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1600-24

KAREN HANCOCK,

     Plaintiff-Appellant,

v.

MOUNTAINSIDE MEDICAL
CENTER MONTCLAIR, DAVID
SHAKER, D.O., EDITHA
BERTIZ, and LISETTE
CASAGRANDE, M.D.,

     Defendants-Respondents.

_____

Submitted October 22, 2025 – Decided November 10, 2025

Before Judges Mayer and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-4690-24.

Alfred V. Acquaviva, LLC, attorney for appellant (Alfred V. Acquaviva, II, of counsel and on the brief).

Grossman, Heavey & Halpin, PC, attorneys for respondent David Shaker, D.O. (Dylan Ulrich, of counsel and on the brief).

MacNeill, O'Neill, & Riveles, LLC, attorneys for respondent Lisette Casagrande, M.D. (Gary Riveles, of counsel; Anelia Dikovytska Brown, on the brief).

PER CURIAM

Plaintiff Karen Hancock appeals from the dismissal with prejudice of her medical malpractice complaint against defendants Mountainside Medical Center (Mountainside), David Shaker, D.O., and Lisette Casagrande, M.D.[1]  Plaintiff's complaint was dismissed with prejudice as to all defendants for failure to comply with the Affidavit of Merit (AOM) statute, N.J.S.A. 2A:53A-27 to -29.  We affirm.

We recite the facts from the motion record.  On July 16, 2024, plaintiff, as a self-represented litigant, filed a handwritten medical malpractice complaint against defendants.  In the accompanying Case Information Statement (CIS), plaintiff checked the "yes" box, indicating her assertion of a professional malpractice claim.  Because plaintiff checked "yes," the CIS instructed plaintiff to "see N.J.S.A. 2A:53A-27 and applicable case law regarding [her] obligation to file an [AOM]."

---

[1]  Defendant Editha Bertiz was dismissed without prejudice and is not participating on appeal.

Mountainside and Drs. Casagrande and Shaker filed answers and asserted plaintiff's failure to file an AOM as an affirmative defense. The sixty-day period for plaintiff to satisfy her AOM obligation ran from the date each defendant filed an answer and demanded an AOM. N.J.S.A. 2A:53A-27. An additional period of sixty days may have been granted upon a showing of "good cause." Ibid.

Because defendants' affirmative defenses asserted plaintiff failed to provide an AOM, the judge scheduled a series of Ferreira[2] conferences. Plaintiff did not personally attend any of the Ferreira conferences. Instead, plaintiff's son, who is not a lawyer, attended the Ferreira conferences.

The judge held the first Ferreira conference on September 9, 2024, addressing plaintiff's claims against Dr. Casagrande. When plaintiff's son attended this conference, the judge advised him plaintiff was required to appear. The judge also told plaintiff's son about plaintiff's obligation to file an AOM to pursue her medical malpractice claims. The judge rescheduled this Ferreira conference to October 10, 2024.

---

[2] Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 147 (2003) (requiring "case management conferences in the early stages of malpractice actions to ensure compliance with the discovery process, including the [AOM] statute").

A-1600-24

Two days later, the judge held another <u>Ferreira</u> conference regarding plaintiff's claims against Dr. Shaker. Again, plaintiff's son attended the conference without plaintiff. The judge reminded plaintiff's son that plaintiff, or an attorney representing plaintiff, must attend the conference. He rescheduled this <u>Ferreira</u> conference to October 11, 2024.

The <u>Ferreira</u> conference scheduled for October 10, 2024 was adjourned due to the judge's unavailability. The same day, Dr. Casagrande filed a motion to dismiss plaintiff's complaint for failure to provide the required AOM.

The next day, the judge conducted a follow-up <u>Ferreira</u> conference to address the claims against Drs. Casagrande and Shaker and an initial <u>Ferreira</u> conference regarding plaintiff's claims against Mountainside. Plaintiff's son also attended these conferences instead of plaintiff. The judge again reminded plaintiff's son about the AOM requirement.

Because plaintiff failed to provide any AOM, defendants moved separately to dismiss plaintiff's complaint with prejudice. In orders dated December 6, 2024, the judge granted the motions on behalf of Drs. Casagrande and Shaker, citing plaintiff's failure to provide an AOM. In a January 7, 2025 order, the judge granted Mountainside's motion for the same reason.

A-1600-24

Plaintiff retained counsel to file this appeal. Plaintiff's notice of appeal (NOA) reflected only an appeal from the January 7, 2025 order granting Mountainside's motion. However, the NOA listed all defendants and their counsel. Plaintiff's appellate CIS stated: "The decision being appealed is an order dismissing [plaintiff]'s complaint and amended complaint with prejudice against Mountainside Medical Center." Although plaintiff's appellate CIS focused on the dismissal order obtained by Mountainside, it referenced the December 6, 2024 orders entered in favor of Drs. Casagrande and Shaker, stating "plaintiff seeks to have the dismissal reversed and the case reinstated so that she may proceed with her claims." Despite the lack of specificity reflecting the orders on appeal in the NOA and appellate CIS, we consider plaintiff's appeal as encompassing all orders dismissing her complaint with prejudice.[3]

On appeal, plaintiff argues extraordinary circumstances justified a "good cause" extension to file an AOM. Additionally, she contends the judge should have considered a less drastic sanction than dismissal of her complaint with prejudice for failure to file an AOM. Further, plaintiff asserts her self-

_____

[3] We read plaintiff's reference to "the dismissal" and "the case" as encompassing the December orders and the January order. See Synnex Corp. v. ADT Sec. Servs., Inc., 394 N.J. Super. 577, 588 (App. Div. 2007) (noting the failure to identify an issue in the NOA may be saved by including the issue in the CIS filed with the NOA).

represented status before the trial court "deprived her of a fair opportunity to be heard." We reject these arguments.

We review a trial court's dismissal of a complaint based on the AOM statute de novo. Hoover v. Wetzler, 472 N.J. Super. 230, 235 (App. Div. 2022).

The AOM statute requires plaintiffs alleging professional malpractice to:

> [W]ithin [sixty] days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standard or treatment practices. The court may grant no more than one additional period, not to exceed [sixty] days, to file the affidavit pursuant to this section, upon a finding of good cause.
>
> [N.J.S.A. 2A:53A-27.]

The failure to provide the AOM is a failure to state a cause of action under N.J.S.A. 2A:53A-29, requiring with prejudice dismissal of a malpractice action. See A.T. v. Cohen, 231 N.J. 337, 346 (2017) (citing Alan J. Cornblatt v. Barow, 153 N.J. 218, 247 (1998)). "The core purpose underlying the statute is 'to require plaintiffs . . . to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of the litigation.'" Paragon Contactors, Inc. v. Peachtree Condo. Ass'n, 202 N.J. 415,

6

421 (2010) (quoting In re Petition of Hall, 147 N.J. 379, 391 (1997)). "[W]here a plaintiff fails to provide an [AOM] within the statutorily mandated timeframe, it shall be deemed a failure to state a cause of action unless the plaintiff satisfies an exception to [the AOM] requirement." Cowley v. Virtua Health Sys., 242 N.J. 1, 23 (2020).

Due to the harsh consequences of failing to comply with the AOM statute, our Supreme Court required trial courts to conduct case management conferences, known as Ferreira conferences, within ninety days of service of an answer in all actions alleging malpractice. Ferreira, 178 N.J. at 154. At the Ferreira conference, if a plaintiff has not served an AOM, "the court will remind the parties of their obligations under [N.J.S.A. 2A:53A-27] and case law." Id. at 155.

The Court created two exceptions, allowing trial courts some flexibility in applying the AOM statute. First, "[a] complaint will not be dismissed if the plaintiff can show that he [or she] has substantially complied with the statute." Id. at 152. Second, "[w]here extraordinary circumstances are present, a late affidavit will result in a dismissal without prejudice." Paragon, 202 N.J. at 422-23.

A-1600-24

Our courts have recognized the AOM "does not impose overly burdensome obligations. The plaintiff must keep an eye on the calendar and obtain and serve the expert's report within the statutory timeframe." Ferreira, 178 N.J. at 146. As such, "attorney inadvertence will not support the extraordinary circumstances standard." Palanque v. Lambert-Wooley, 168 N.J. 398, 405 (2001) (citing Cornblatt, 153 N.J. at 247); see also Ferreira, 178 N.J. at 152 ("[W]e do know that attorney inadvertence is not such a circumstance entitling plaintiff to a remedy of dismissal of a complaint without prejudice)." (emphasis in original) (citing Palanque, 168 N.J. at 405). In the context of AOM obligations, "parties are presumed to know the law and are obliged to follow it." Triarsi v. BSC Grp. Servs., LLC, 422 N.J. Super. 104, 122 (App. Div. 2011) (quoting Paragon, 202 N.J. at 424).

Having reviewed the record, we are satisfied the judge properly dismissed plaintiff's complaint with prejudice for failure to file an AOM. The judge conducted several Ferreira conferences addressing plaintiff's obligation to file an AOM. Although plaintiff failed to appear at these conferences, her son attended. More than once, the judge told plaintiff's son about plaintiff's obligation to file an AOM to prosecute her medical malpractice action. Furthermore, at least twice, the judge told plaintiff's son that he could not

8

represent his mother and plaintiff, or an attorney on her behalf, had to attend the conferences.

Despite the judge explaining plaintiff's obligation to comply with the AOM requirements at the various <u>Ferreira</u> conferences, which plaintiff's son presumably reported to his mother, plaintiff never submitted an AOM. Nothing on this record would support finding extraordinary circumstances to reverse the orders dismissing plaintiff's complaint with prejudice. Even on appeal, plaintiff did not indicate she presently has an AOM that would comply with the statute.

We reject plaintiff's assertion that extraordinary circumstances existed to excuse her noncompliance with the AOM statute. Plaintiff cites her "pro se status" in support of this argument.

The Court has expressly stated attorney inadvertence does not constitute extraordinary circumstances. <u>See</u> <u>Ferreira</u>, 178 N.J. at 152 (citing <u>Palanque</u>, 168 N.J. at 405). While plaintiff was self-represented before filing this appeal, that fact alone does not constitute extraordinary circumstances, because "parties are presumed to know the law and are obliged to follow it." <u>Paragon</u>, 202 N.J. at 424. Further, "procedural rules," such as the obligation to file an AOM, "are not abrogated or abridged by plaintiff's pro se status." <u>Rosenblum v. Borough of Closter</u>, 285 N.J. Super. 230, 241 (App. Div. 1995).

Additionally, plaintiff argues there was "no indication that [she] was given proper guidance or a warning before the dismissal." Trial judges are expected to "act as a backstop" by holding Ferreira conferences reminding litigants of their AOM obligation. A.T., 231 N.J. at 349.

Contrary to plaintiff's assertion, the record confirms the judge painstakingly fulfilled his obligation to remind plaintiff an AOM was required. At least four times the judge convened Ferreira conferences which plaintiff failed to attend. Instead, plaintiff's son, a non-attorney, attended these conferences and was informed of plaintiff's obligation to file an AOM for her to proceed with her medical malpractice action. The judge provided clear guidance on the AOM requirement despite plaintiff's failure to appear at the Ferreira conferences. Moreover, the CIS filed by plaintiff with her medical malpractice complaint instructed her to "see [the AOM statute] and applicable case law regarding [her] obligation to file an [AOM]." Thus, we reject plaintiff contention that she had insufficient guidance regarding her obligations under the AOM statute.

Finally, the absence of misconduct or bad faith by plaintiff does not constitute extraordinary circumstances to excuse an untimely AOM. See Yagnik v. Premium Outlet Partners, 467 N.J. Super. 91, 114-15 (App. Div. 2021) (noting

10

delayed receipt of medical records, or a defendant's failure to provide discovery which would allow an expert to review the case and issue an AOM, could constitute extraordinary circumstances justifying an untimely filed AOM). However, this case does not involve an untimely filed AOM. Here, plaintiff never filed any AOM despite receiving instructions in the CIS and during the Ferreira conferences of her obligation to do so or risk dismissal of her malpractice action with prejudice. Based on these specific facts, plaintiff failed to demonstrate extraordinary circumstances justifying her failure to submit an AOM and the judge properly dismissed her complaint with prejudice.

To the extent we have not addressed any of plaintiff's remaining arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

11

A-1600-24