LEILA FEIFER STURM AND GEORGE FEIFER, PLAINTIFFS-APPELLANTS, v. EVA FEIFER, NORMAN JACOBSON AND WILLIAM M. BEHR, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 20, 1982—Decided October 22, 1982.

Before Judges MILMED, MORTON I. GREENBERG and FURMAN.

*Herbert C. Klein* argued the cause for plaintiffs (*Klein, Chapman, Chester, Greenberg & Henkoff,* attorneys; *Herbert C. Klein,* on the brief).

*Edward Pesin* argued the cause for respondents.

The opinion of the court was delivered by

FURMAN, J. A. D.

Plaintiffs appeal from the denial of their petition for discovery under *R.* 4:11. Defendant Eva Feifer cross-appeals from the denial of her motion for declaratory judgment.

Defendant Eva Feifer is the widow of Harry Feifer, who died in 1973. There were no children born to their marriage. Plaintiffs are Harry Feifer's children by a prior marriage. Defendant Jacobson was the draftsman of his will. According to the petition, plaintiffs "believe [Jacobson] to be more than 70 years of age." Defendant Behr is not identified in the petition except as someone who may have knowledge of facts necessary to prove the existence of a contract between Harry and Eva Feifer to make reciprocal wills. In their appellate brief plaintiffs assert that Behr was a witness of Harry Feifer's will and, like Jacobson, is "quite aged."

Plaintiffs allege in their petition that Harry and Eva Feifer made reciprocal wills simultaneously in 1966 pursuant to contract; that both Eva Feifer and Jacobson have failed to comply with plaintiffs' written and oral requests for a copy of Eva Feifer's simultaneous reciprocal will, and that they are apprehensive that, unless the testimony of the three defendants is perpetuated, it may be impossible for them, in the event of a will contest at the time of Eva Feifer's death, to prove a contract for reciprocal wills between Harry and Eva Feifer. Plaintiffs assert upon information and belief that the contract for reciprocal wills irrevocably bound the survivor, either Harry or Eva Feifer, to a testamentary disposition of his or her entire residuary estate to plaintiffs.

Plaintiffs rely upon several provisions of Harry Feifer's will:

This is a reciprocal Will with one simultaneously made by my wife, EVA BUCHMAN FEIFER, in favor of each other and is irrevocable unless so done by mutual consent of both of us in writing.

.        .        .        .        .        .        .        .

FIFTH: I make no provisions in this my Will, for the benefit of my children George Feifer and Leila Feifer Strum, secure in the knowledge that my dear wife, Eva Buchman Feifer, will provide for them in her Will.

.        .        .        .        .        .        .        .

SEVENTH: In the event my dear wife, Eva Buchman Feifer, fails to survive me, then and in such event, I direct my Executor to divide my estate into two equal parts and I give, devise and bequeath to my dear daughter, Leila Feifer Sturm, one of the two (2) equal parts, per stirpes.

If my daughter, Leila Feifer Sturm pre-deceases me, then the part that would have been hers, I give, devise and bequeath those parts to her child or children, per stirpes.

And to my dear son George Feifer, I give, devise and bequeath the remaining one half of my estate, per stirpes, and if my son, George Feifer pre-deceases me, then the share of my estate he would have been entitled to receive, I give, devise and bequeath to his child or children, per stirpes.

In moving for declaratory judgment, although without a counterclaim or other pleadings alleging a cause for action for such relief, defendant Eva Feifer sought a ruling from the court that she had no legal or equitable obligation to make any testamentary disposition in plaintiffs' favor.

In our view, the trial judge applied an unduly restrictive construction of R. 4:11 in denying plaintiffs' petition. R. 4:11–1(a), which governs petitions to perpetuate testimony before action, imposes as a requirement that petitioner "expects to be a party to an action cognizable in a court of this State but is presently unable to bring it or cause it to be brought." The trial judge concluded that, based on plaintiffs' showing before him, there was no such expectable future claim, only "inferences, suspicions and legal implications." He did not refer to R. 4:11–1(c), which mandates the granting of a petition under R. 4:11–1(a) if "the court finds that the perpetuation of the testimony or evidence may prevent a failure or delay of justice." Nor did the trial judge consider in his letter opinion the availability to plaintiffs of relief under R. 4:11–3, which provides: "R. 4:11–1 and R. 4:11–2 do not limit the court's power to entertain an action to perpetuate testimony." [1]

---

[1] R. 4:11–3 is in recognition of the survival in our jurisprudence of the historic equity bill to perpetuate testimony which might be lost, thus thwarting justice, through death of the witness or otherwise. I *Pomeroy, Equity Jurisprudence* (5 ed. 1941), § 211. As an action, a proceeding under R. 4:11–3 should be instituted by complaint, R. 4:2–2, rather than by petition.

■ Oral reciprocal will contracts, which were entered into prior to September 1, 1978, may be enforced in this State. *Woll v. Dugas,* 104 *N.J.Super.* 586 (Ch.Div.1969), aff'd 112 *N.J.Super.* 366 (App.Div.1970); *Tooker v. Vreeland,* 92 *N.J.Eq.* 340 (Ch. 1921); 97 *C.J.S. Wills* § 1367; *N.J.S.A.* 3B:1–4. A future cause of action for specific performance of a contract between Harry and Eva Feifer to make reciprocal Wills would not be precluded as a matter of law, nor were the merits of such cause of action in issue on plaintiffs' petition to perpetuate testimony.

■ *R.* 4:11 is entitled to a liberal construction. *See Lang v. Morgan's Home Equipment Corp.,* 6 *N.J.* 333, 338 (1951). By the standard set out in *R.* 4:11–1(c), it is clear that the trial judge abused his discretion in barring the perpetuation of the testimony of the only witnesses, at least two of them elderly, with direct knowledge as to whether there were in fact simultaneous reciprocal wills and, if so, the intentions of the respective testators in the light of surrounding circumstances. Without that testimony, in the event that plaintiffs are not residuary beneficiaries of Eva Feifer's will ultimately offered for probate, any caveat filed by them might well be futile. Plaintiffs' apprehension of future litigation was reasonably founded in view of the apparently willful ignoring of their requests for a copy of any simultaneous reciprocal will by Eva Feifer and other pertinent information; their apprehension was reinforced by Eva Feifer's motion for a declaratory judgment that she is without legal or equitable obligation to make a testamentary disposition in plaintiffs' favor. Plaintiffs should not be barred because Eva Feifer's will ultimately offered for probate may in fact provide for plaintiffs as residuary beneficiaries, thus obviating an action on their part for specific performance of an irrevocable contract to make reciprocal wills.

The trial judge's construction that *R.* 4:11 does not authorize production of documents and papers is also unduly narrow and would hamper or thwart meaningful perpetuation of testimony. To the contrary, the perpetuation of evidence, as well as of

testimony, is referred to in *R.* 4:11–1(c). Plaintiffs should have the opportunity to depose Eva Feifer, Jacobson and Behr in the context of any simultaneous reciprocal will and other relevant records, notes, memoranda and documents, and to preserve a copy of any such will and other relevant papers pending a future will contest.

Plaintiffs have sufficiently established their apprehension of future litigation and their present inability to bring to judicial determination the issue of a contract for reciprocal wills between Harry and Eva Feifer. See 23 *Am.Jur.2d, Depositions and Discovery,* § 8. Plaintiffs are entitled to an order to perpetuate testimony under *R.* 4:11–1 in order to prevent a failure of justice if the existence of an irrevocable reciprocal will by Eva Feifer in their favor is no longer provable at the time of her death.[2]

Defendant Eva Feifer's cross-appeal from denial of her motion for declaratory judgment is groundless. No pleading set out a cause of action for declaratory relief or raised the issue on the merits of the existence and enforceability of a contract for reciprocal Wills between Eva Feifer and her late husband. *In re Seabrook Will Probate,* 90 *N.J.Super.* 553 (Ch.Div.1966), on which defendant Eva Feifer relies, is distinguishable. In *Seabrook* the court granted relief on a motion for a declaratory judgment that a will contest could be settled between caveators and charitable beneficiaries over the objection of executors and trustees under the will. The substantive issues were before the court in the will contest.

We reverse the denial of plaintiffs' petition for discovery under *R.* 4:11 and remand for entry of an order permitting perpetuation of testimony and evidence in accordance herewith. We affirm the denial of defendant Eva Feifer's motion for declaratory judgment without prejudice to her right to institute

---

[2]Alternatively, in our view plaintiffs might have proceeded and would have been entitled to relief under *R.* 4:11–3 in an action to perpetuate testimony.

an action for declaratory judgment. We do not retain jurisdiction.