839 A.2d 49

PATRICIA JOHNSON, ADMINISTRATRIX AD LITEM OF THE ES-
TATE OF JOHN JOHNSON, DECEASED, PLAINTIFF–RESPON-
DENT, v. GRAYCE TIGHE, INC., TRADING AS CAP'N CAT,
JOSEPH B. TIGHE, INC., TRADING AS LITTLE EASE TAV-
ERN, INC., AND BST, INC., TRADING AS BROWNSTONE TAV-
ERN AND CURLEYS, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted October 20, 2003—Decided November 19, 2003.

238

Before Judges PETRELLA, COLLESTER and FUENTES.

*Crammer & Bishop,* attorneys for appellants (*Timothy M. Crammer,* on the brief).

*Angelo J. Falciani,* attorneys for respondent (*Deidre E. Gannon,* on the brief).

The opinion of the court was delivered by

FUENTES, J.A.D.

In this appeal, we are asked to decide whether the Chancery Division General Equity Part may order pre-litigation discovery absent a showing that the requirements of *R.* 4:11 have been satisfied. We conclude that *R.* 4:11 provides the exclusive authority for the taking of court-sanctioned pre-litigation discovery. Thus, a party seeking to invoke the power of the court to engage in such discovery must satisfy the requirements of the rule.

Plaintiff is the Estate of John Johnson, a man who was killed in a one-vehicle motorcycle accident in the early morning hours of August 16, 2001. At the time of his death, Johnson had a blood alcohol level of 0.25%, or one and one-half times the legally presumptive level of intoxication. *N.J.S.A.* 39:4-50. According to an investigator hired by plaintiff's counsel, four witnesses "have furnished information" that decedent was "present" during the late evening hours of August 15, 2001, and the early morning hours of August 16, 2001, at one or more of the establishments owned or operated by defendants.

Armed with this information, plaintiff filed a verified complaint and order to show cause on October 8, 2002, in the General Equity Part seeking:

[A]n order providing for discovery and the issuance of Subpoenae for the purpose of deposing witnesses who probably have knowledge of a possible cause of action against the defendants, so as to permit plaintiff to determine whether a Complaint should be filed but may not do so without prefiling discovery to insure that any Complaint to be filed is the result of investigation and bona fides.

The court granted plaintiff's application and set a return date of November 12, 2002. On this date, defendants Grayce Tighe, Inc., and Joseph B. Tighe, Inc., appeared represented by counsel. Defendant BST, Inc., did not. Plaintiff's counsel described the basis for his application as follows:

I think it's most unfair to any defendant, your Honor, to file a suit without the rules. And the law requires a reasonable investigation to see if we have a bona fide cause of action. I over the years have done this, respectfully, many times.

In fairness, if there is no cause of action there will be no complaint. I think it's a traditional chancery cause of action to permit pre-trial discovery to search out whether we have a good-faith cause of action of not.

Defense counsel objected arguing that plaintiff's application did not meet the requirements of *R.* 4:11. He also emphasized that, although defendants' general liability carrier had agreed to pay his fees for this limited appearance, it was factually uncertain and legally unsettled whether the carrier would continue to finance defendants' legal representation in connection with an extended pre-litigation discovery process.

In granting plaintiff's application, the court made the following ruling:

I considered this, I considered [defense counsel's] opposition to it. Although we haven't received any opposition to the order to show cause, there is no provision in the order to show cause to compel any. I do think from an equitable basis, aside from 4:11, the application should be granted.

There are other procedures whereby these particular defendants could be named in a complaint in the law division, and be named solely for discovery. And then subsequently the amended complaint filed may mean direct defendants. I think from an equitable basis, from [plaintiff's counsel's standpoint], as well as from the defendant's standpoint, allowing depositions of these fact witnesses and other discovery is appropriate and equitable. I will enter an order to that effect.

The insurance dispute between the defendants is a dispute between whoever the carrier is and those particular defendants. If they deny coverage for the proceedings, there is discovery, that's a dispute between the insured and the carrier, which may very well present a conflict for [defense counsel]. I don't know.

I will include in the order that the defendants will be entitled to counsel for all proceedings and that the rules of discovery in Section 4 of the court rules will apply to any discovery proceeding that is brought under this chancery action, wherein I'm entering the order to allow investigation and discovery.

We will begin our analysis by noting that historically, the practice of seeking a bill of discovery from the courts of equity was a procedural device with the ultimate purpose of aiding in establishing an action at law, or recovery on a law judgment, or as an adjunct to a substantive action pending in equity. *Lippmann v. Hydro–Space Tech., Inc.,* 77 *N.J.Super.* 497, 508, 187 *A.*2d 31 (App.Div.1962). In *Lippmann,* we traced the evolution of this ancient practice and concluded that since the adoption of the 1947 Constitution the former bill for discovery has become obsolete. *Id.* at 509, 187 *A.*2d 31.

Our modern rules of discovery are designed and intended to provide a holistic and comprehensive system of relief to parties embroiled in civil disputes. Rule 4:11–1 is part of this system. It specifically provides a mechanism for parties to obtain pre-litigation discovery. This rule, however, was not intended to authorize pre-suit discovery for the sole purpose of assisting a prospective plaintiff in acquiring facts necessary to frame a complaint. *Petition of Hall By and Through Hall,* 147 *N.J.* 379, 391, 688 *A.*2d 81 (1997).[1]

Here, plaintiff's express purpose in bringing this petition for pre-litigation discovery, the procurement of facts necessary to frame her dram shop cause of action, directly contravenes the clear limitations articulated by the Supreme Court in *Hall.* The general equity court's attempt to circumvent these limitations by

---

[1] The only exception to this restriction involves claims of professional malpractice. The rule provides for the filing of a pre-complaint petition in order to take depositions to enable compliance with the Affidavit of Merit Statute. *N.J.S.A.* 2A:53a–27 to –29. A petitioner seeking such pre-litigation discovery must file a detailed affidavit demonstrating "extraordinary circumstances" warranting such relief. *R.* 4:11–1(a).

resurrecting an anachronistic, legally obsolete practice cannot be sustained.

Reversed.