MARCZYK, J.S.C.
*473 *539 NATURE OF PETITION AND CONTENTIONS OF THE PARTIES
This matter comes before the court by way of a petition for pre-suit discovery pursuant to Rule 4:11-1. In this application, the court is asked to consider a novel issue not previously addressed by our courts in New Jersey. Specifically, the court must determine whether an individual who expects to be named as a defendant in a lawsuit cognizable in this State may file a petition under Rule 4:11-1. The court will further address a recurring issue with respect to the propriety of utilizing this rule to obtain discovery to investigate facts relevant to a potential claim prior to a lawsuit being filed.
*474 Petitioner, Liberty Mutual Insurance Company (hereinafter "Liberty Mutual"), filed this petition on behalf of its insured, Evan Sophias. Mr. Sophias received a letter from Respondent, Marina District Development Company, LLC d/b/a Borgata Hotel Casino and Spa (hereinafter "Borgata") advising him that an individual named Pasquelina Rivelli "would be filing a claim against Mr. Sophias' homeowner's insurance" stemming from an incident in which Ms. Rivelli was knocked to the ground by Mr. Sophias and his companions. Liberty Mutual is seeking to obtain video surveillance and security reports from the incident at issue pursuant to Rule 4:11-1 because it anticipates that this matter will lead to litigation and the security footage and reports "will be needed to determine the facts of this accident." Liberty Mutual notes that it contacted Borgata requesting the video surveillance and security reports, but Borgata advised that it would not release the video absent a subpoena.
The petition is opposed by Borgata on several grounds. First, Borgata notes that Rule 4:11-1 requires that an individual bringing the petition must make a showing that he expects to be a party to an action and that he is "presently unable to bring it or cause it to be brought." Borgata submits that the rule is designed, by its own terms, as a vehicle for aggrieved plaintiffs (not defendants) to file a petition assuming they satisfy the other requirements of the rule. Borgata also asserts that Liberty Mutual will never be a "party" as contemplated by Rule 4:11-1 because if an action is filed, Mr. Sophias, not Liberty Mutual, will be named as a defendant. Lastly, Borgata contends more broadly that the petition is simply an attempt to improperly conduct pre-litigation discovery and Liberty Mutual has not expressed an appropriate reason under the rule to obtain the discovery at this juncture. Borgata argues that this attempt at pre-suit discovery is contrary to the case law interpreting the rule.
DISCUSSION
Rule 4:11-1 provides, in relevant part, as follows:
*475 (a) Petition. A person who desires to perpetuate his or her own testimony or that of another person or preserve any evidence or to inspect documents or property or copy documents pursuant to Rule 4:18-1 may file a verified petition, seeking an appropriate order, entitled in the petitioner's name, showing: (1) that the petitioner expects to be a party to an action cognizable in a court of this State but is presently unable to bring it or cause it to be brought; (2) the subject matter of such action and the petitioner's *540 interest therein; (3) the facts which the petitioner desires to establish by the proposed testimony or evidence and the reasons for desiring to perpetuate or inspect it; (4) the names or a description of the persons the petitioner expects will be opposing parties and their addresses so far as known; (5) the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each; and (6) the names and addresses of the persons having control or custody of the documents or property to be inspected and a description thereof ...
As a threshold matter, Liberty Mutual elected to file this petition in its own name and not in the name of its insured, Mr. Sophias. The court agrees that if a lawsuit is eventually filed by Pasquelina Rivelli, Mr. Sophias, not Liberty Mutual, will be named as a defendant. While the better practice would have been to file this petition in the name of Mr. Sophias as he is the individual who is expected to be a party to an action under the rule, the court will nevertheless consider the application on its merits. To dismiss the petition on this basis would be to favor form over substance and the petition could readily be amended to reflect Mr. Sophias as the petitioner. Moreover, the petition was clearly filed to protect Mr. Sophias' interest. See also Rule 1:1-2 (allowing the rules to be relaxed for simplicity in procedure and the elimination of unjustifiable expense or delay).
The court next turns to the central issue addressed in this matter: whether an individual who expects to be named as a defendant in a lawsuit is entitled to file a petition pursuant to Rule 4:11-1 to preserve evidence. Rule 4:11-1(1) provides that the petition must show that the petitioner expects to be a party to an action cognizable in a court of this State but is "presently unable to bring it or cause it to be brought." The court recognizes that this language could be read as addressing a situation where a prospective plaintiff is unable file a suit at the present time as opposed to a defendant, who would not be filing an action.
*476 However, the court must consider the language of the rule in its entirety and the policy underlying the rule. The rule provides that "a person who desires to perpetuate his or her own testimony or that of another person or preserve any evidence or to inspect documents or property or copy documents ... may file a verified petition, seeking an appropriate order ..." Rule 4:11-1 (emphasis added). That language of the rule in no way limits its availability to plaintiffs. The drafters of the rule could have readily limited the rule to prospective plaintiffs if that was their intention. The court would also note that Rule 4:11-1(4) requires the petition to provide "the names or a description of the persons the petitioner expects will be opposing parties and their addresses so far as known." Id. (emphasis added). Again, if the rule was written only to be utilized by plaintiffs, the court would expect the drafters to have used "defendants" as opposed to "opposing parties" in subsection (4). Furthermore, and more fundamentally, both prospective plaintiffs and defendants may encounter circumstances prior to a lawsuit being filed where they have to perpetuate their own, or another individual's, testimony or preserve and/or inspect certain evidence, documents or property. In the court's view, it was not the intent of the drafters to limit the relief provided by the rule to prospective plaintiffs. Finally, as discussed below, because Rule 4:11-1 was based on F.R.C.P. 27(a), reference to federal decisions informs our courts' understanding of the intended scope and application of Rule 4:11-1. In that regard, at least one federal court has *541 determined that F.R.C.P. 27(a) can be employed by a prospective defendant. See Martin v. Reynolds Metals Corp., 297 F. 2d 49 (9th Cir. 1961) (a defendant is entitled to use F.R.C.P. 27, upon proper showing, to preserve important testimony that might otherwise be lost). Based on the above, the court has determined that Mr. Sophias, a potential defendant in a future lawsuit, is permitted to utilize Rule 4:11-1 in an attempt to preserve evidence. That does not, however, end the court's inquiry. The court must next address whether the petitioner is entitled to the relief sought.
This court routinely encounters petitions brought pursuant to Rule 4:11-1 most likely because this vicinage is home to New *477 Jersey's casino industry, coupled with the fact that many of the casino-hotel properties utilize video surveillance. Prospective parties to a lawsuit (typically plaintiffs) often seek to obtain discovery or to preserve evidence by filing applications pursuant to this rule. Many applications are denied because the petitioner is often seeking what amounts to pre-suit discovery to determine whether a cause of action exists or to identify a potential defendant, which does not satisfy the underlying requirements of the rule. The court understands attorneys' motivation in filing such applications because there is concern that important evidence could be lost or destroyed prior to the filing of a lawsuit. The court also recognizes how the rule can be misunderstood. In the court's view, the rule, on its face, is not a model of clarity. Counsel often, and mistakenly, focus on the language in the rule which states that a "person who desires to perpetuate his or her own testimony or that of another person or preserve any evidence or to inspect documents or property or copy documents ... may file a verified petition ..." seeking this relief. The language of the rule does not alert parties that the rule can only be utilized in limited circumstances when there is a genuine risk that the testimony or evidence could be lost or destroyed before suit is filed as discussed in the case law below.
Our Supreme Court in Petition of Hall By and Through Hall, 147 N.J. 379, 688 A.2d 81 (1997) discussed the origins and application of Rule 4:11-1. The Court noted that Rule 4:11-1 was derived from the Federal Rules of Civil Procedure, specifically F.R.C.P. 27(a)[1] . The Hall Court indicated that the decisions addressing the scope and application of F.R.C.P. 27(a)"informs our understanding of the intended use of Rule 4:11-1." Hall at 385, 688 A.2d 81. The Hall Court noted, "The federal courts decisions applying F.R.C.P. 27(a) uniformly hold that the rule's authorization of pre-suit discovery was not designed to assist plaintiffs in framing the cause of action, but was intended for cases in which there existed a genuine risk that testimony would be lost or evidence destroyed *478 before suit could be filed and in which an obstacle beyond the litigant's control prevents suit from being filed immediately." Id. In In re Ferkauf, 3 F.R.D. 89 (S.D.N.Y. 1943), relied upon by the Hall Court, the court noted that F.R.C.P. 27(a) applies to situations where "testimony might be lost to a prospective litigant unless taken immediately, without waiting until after a suit or other legal proceeding is commenced. Such testimony would thereby be perpetuated or kept in existence and, if necessary, would be available for use at some subsequent time." Id. at 91. The Ferkauf court further commented that F.R.C.P. 27(a) could not be used as a *542 discovery device to enable a prospective litigant to discover facts upon which to frame a complaint. Ibid.
As evidenced by the case law discussed above, the rule contemplates a very narrow range of circumstances by which a party can perpetuate testimony or preserve evidence under the rule. Importantly, the rule does not allow for a party to obtain advanced discovery simply to assist a party in preparing a complaint or defending against a potential claim. In the case at bar, Liberty Mutual argues that it is anticipated that this matter will lead to litigation and the security camera footage and security reports will be needed to determine the facts in this matter. That assertion alone is insufficient to support a petition under the rule. The Appellate Court in Johnson v. Grayce Tighe, Inc., 365 N.J. Super. 237, 839 A.2d 49 (App. Div. 2003) held that Rule 4:11-1 "was not intended to authorize pre-suit discovery for the sole purpose of assisting a perspective plaintiff in acquiring facts necessary to frame a complaint." Id. at 240, 839 A.2d 49.[2] This *479 appears to be precisely what Liberty Mutual is seeking to do except that it is seeking to acquire facts to establish a potential defense. Liberty Mutual presents no argument that the security reports or video surveillance will be unavailable at a future date. The rule is intended for those limited situations in which there exists a genuine risk that testimony would be lost or evidence destroyed before a suit can be filed and in which an obstacle beyond the litigant's control prevents suit from being filed immediately. The court would find petitioner's argument more persuasive if this were a slip and fall action and the building where the fall occurred was about to be demolished or renovated and the petitioner had to conduct a site inspection, as the pending destruction would likely be a ground to bring an application under the rule. Once the building is destroyed or remodeled the petitioner would not be able to conduct a meaningful site inspection. Moreover, if the petitioner had information that certain documents and/or other evidence were about to be destroyed and/or discarded, that would also potentially justify an application under the rule so that the information could be preserved given the potential of future litigation. Furthermore, if a key witness to a potential action was dying or of advanced age, that would arguable justify the type of pre-suit deposition contemplated by the rule in order to preserve and perpetuate the testimony. See Sturm v. Feifer, 186 N.J. Super. 329, 452 A.2d 686 (App. Div. 1982). In the case at bar, Liberty Mutual has not articulated any such special circumstances whereby it would be entitled to the video surveillance or security reports at issue prior to a law suit being filed. There is no indication that there is a genuine risk that evidence will be destroyed before the suit can be filed. Rule 4:11-1 was simply not intended to address this type of situation. Otherwise, our trial courts would be inundated with petitions filed pursuant to this rule. For *543 the reasons set forth above, Liberty Mutual's petition is denied.

Rule 4:11-1 is broader than F.R.C.P. 27(a) in that it allows for a petitioner to perpetuate documentary evidence as well as testimony.

The Johnson court noted, "[h]istorically, the practice of seeking a bill of discovery from the courts of equity was a procedural device with the ultimate purpose of aiding in establishing an action at law, or recovery on a law judgment, or as an adjunct to a substantive action pending in equity." Lippmann v. Hydro-Space Tech., Inc., 77 N.J. Super. 497, 508, 187 A.2d 31 (App.Div.1962). The Johnson court further observed the Lippmann court traced the evolution of this ancient practice and concluded that since the adoption of the 1947 Constitution the former bill for discovery has become obsolete. Id. at 240, 839 A.2d 49. The Johnson court also noted, "Our modern rules of discovery are designed and intended to provide a holistic and comprehensive system of relief to parties embroiled in civil disputes." Ibid.