**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0992-18T4

IN THE MATTER OF THE
PETITION OF JOHNNIE Q. WADE
TO PRESERVE AND INSPECT
EVIDENCE AND COPY
DOCUMENTS PURSUANT TO
R. 4:18-1 AND TO PERPETUATE
THE TESTIMONY OF MEGAN M.
KWAK, ESQUIRE.

_____

Submitted September 25, 2019 –
Decided August 21, 2020

Before Judges Fuentes, Haas and Enright.

On appeal from the Superior Court of New Jersey, Law
Division, Camden County, Docket No. L-2996-18.

Messa & Associates, P.C., attorneys for appellants
Joseph L. Messa, Jr., Megan M. Kwak and Messa &
Associates, PA (Thomas N. Sweeney, on the briefs).

Ralph R. Kramer, attorney for respondent Johnnie Q.
Wade.

PER CURIAM

Rule 4:11-1(a) provides that "any person desiring to preserve evidence prior to institution of an action may seek such relief by verified petition." State v. Saavedra, 222 N.J. 39, 69 (2015) (quoting Gilleski v. Cmty. Med. Ctr., 336 N.J. Super. 646, 655 (App. Div. 2001)). The holding in Saavedra, however, did not refute or modify the Court's earlier holding in In re Petition of Hall, 147 N.J. 379, 391 (1997), which made clear that Rule 4:11-1 "was not intended to authorize pre-suit discovery for the sole purpose of assisting a prospective plaintiff in acquiring facts necessary to frame a complaint." Notwithstanding this clear language, the trial court in this case did exactly what the Court in Hall expressly prohibited—ordered pre-action discovery to enable petitioner to frame a potential legal malpractice complaint against his former attorney.

I.

On January 21, 2016, Johnnie Q. Wade was riding his bicycle when he was struck from behind by a motor vehicle, causing serious injuries to his body. Wade retained attorney Ralph R. Kramer to represent him in a personal injury suit against the tortfeasor. The tortfeasor's automobile insurance policy had a maximum coverage limit of $100,000. The carrier did not contest liability on the tortfeasor's behalf and offered the $100,000 coverage limit. Wade did not

2

accept the settlement offer at the time because his medical expenses far exceeded the coverage limit.

On January 31, 2017, Kramer referred Wade to attorney John Mininno, who was of counsel to the law firm Messa & Associates, to investigate whether there were any potentially viable claims other than common law negligence. Wade consulted with Mininno at his law offices on March 8, 2017. Mindful of the two-year statute of limitations, N.J.S.A. 2A:14-2, Megan Kwak, an attorney at Messa & Associates, sent petitioner a letter on December 19, 2017 explaining that the firm did not find any grounds to bring a products liability claim against the manufacturer of the helmet Wade was wearing at the time of the accident. Kwak urged Wade to accept the $100,000 settlement offered by the tortfeasor's insurance carrier because that was the only legally viable means of recovering compensation for his injuries.

Kwak attached a release form to her letter and informed Wade that Messa & Associates would be required to retain the settlement proceeds until all medical liens were satisfied. Kwak again cautioned Wade about the preclusive effect of the statute of limitations and emphasized that the release form had to be signed before the statute of limitations ran out on January 21, 2018. She sent Wade another letter on January 6, 2018 urging him to sign the release form

  A-0992-18T4

before January 21, 2018. Kwak made clear that if Wade did not respond by January 12, 2018, she would file a suit against the tortfeasor to preserve Wade's right to recover the $100,000 offered by the tortfeasor's insurance carrier. Kwak sent this final communication to Wade via messenger. Wade signed the release and provided his insurance information to assist in the discharge of any medical liens.

Pursuant to N.J.S.A. 30:4D-7.1, Messa & Associates placed the $100,000 settlement check in the firm's trust account pending the resolution of outstanding private and public liens. On June 4, 2018, Kramer notified Messa & Associates of his intent to file civil and ethics complaints against the firm if it did not pay his referral fee by June 5, 2018. According to Kramer, he conducted a judgment search that same day and did not find any outstanding liens against Wade. The following day, Wade sent Messa & Associates a letter requesting a copy of his file.

Purportedly acting on Wade's behalf, Kramer discharged Messa & Associates on June 13, 2018, and apprised the law firm that he intended to file a Rule 4:11-1 petition to prepare to file a legal malpractice complaint against the firm for mishandling Wade's personal injury suit. Wade picked up his litigation file from the law firm's office on June 19, 2018.

A-0992-18T4

On September 14, 2018, a Law Division judge in the Camden County vicinage granted Kramer's Rule 4:11-1 pre-suit petition against Messa & Associates. The judge placed the following statement of reasons on the record in support of his ruling:

> This is plaintiff's motion to preserve evidence and to take pre-trial depositions. Essentially, the plaintiff is alleging that his attorney Megan Kwak of Messa & Associates, may have committed malpractice when she advised him of the status of a certain lien that had been filed against him and Mr. Wade now is asking for those documents that are in the possession of Ms. Kwak as well as the permission from the [c]ourt to submit interrogatories to her for her to answer.
>
> The [c]ourt has not received any opposition to this motion. The petitioner does appear to the [c]ourt to have met all of the conditions of [R]ule 4:11-1 and accordingly the [c]ourt will grant the motion to preserve evidence.

On October 1, 2018, respondent filed a motion for reconsideration of the trial court's September 14, 2018 order pursuant to Rule 4:49-2. Petitioner filed a timely response opposing the motion. On October 26, 2018, the judge decided respondent's motion without oral argument from counsel. The judge noted for the record that respondent (whom the judge incorrectly referred to as "defendant") claimed it did not oppose petitioner's Rule 4:11-1 petition "because

A-0992-18T4

they had been informed by the [c]ourt that petitioner's application was improperly filed[.]"

The judge found respondent's explanation for its failure to oppose the petition was not supported by the court's electronic record and upheld the September 14, 2018 ruling. The court's electronic records showed the petition was originally returnable on August 31, 2018. Respondent filed a letter on eCourts on August 20, 2018 "asking the [c]ourt to adjourn the motion." The judge read the content of the letter into the record:

"I am a respondent in the above listed matter. This matter is currently scheduled for a motion hearing before Your Honor on August 31st, 2018. Please accept this letter as my request to continue the August 31st, 2018 hearing on the petition to preserve evidence, copy documents, and to perpetuate testimony, which was filed by Mr. Johnnie Q. Wade . . . pro se on August 7th, 2018 and received by respondent on August 15th, 2018.

Respondents request that the August 31st, 2018 petition be continued for one motion cycle, as counsel will be out of town on a prepaid vacation, which was previously scheduled for the last week of August.

Respondent has attempted to reach Mr. Wade by telephone to request his consent on respondent's continuance request, but I've been unable to reach Mr. Wade. Respondent left voicemail for Mr. Wade on August 17th, 2018, which explained respondent's continuation -- continuance request and requested Mr. Wade return the respondent's call, but Mr. Wade has not returned the call.

6

Thank you for your time and attention to this matter.

Respectfully submitted, Joseph L. Messa, Jr."

The judge acknowledged that he received the letter and granted respondent's request to adjourn the original return date and reschedule the date to September 14, 2018. Based on this procedural record, the judge concluded respondent did not present any grounds to vacate his original ruling. Over petitioner's objection, on November 30, 2018 a different judge granted respondent's motion to stay the enforcement of the September 14, 2018 order pending appeal. On that same day, respondent filed a motion to deposit petitioner's settlement proceeds with the court pursuant to Rule 4:57-1 and Rule 4:45-2. Less than a month later, petitioner filed a cross-motion seeking a full accounting of the settlement proceeds held in respondent's trust account and sought leave from the court to place the financial institution holding these funds on notice of its possible exposure to pay prejudgment interest. Respondent opposed petitioner's motion. The record does not include the disposition of these motions.

II.

We review a trial court's decision to grant or deny a pre-action petition pursuant to Rule 4:11 and motion for reconsideration under Rule 4:49-2 under

7

an abuse of discretion standard. An abuse of discretion occurs where the trial court's decision is "'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

However, we do not afford any deference when a trial court makes a discretionary decision based on a misconception of the applicable law. Dolson v. Anastasia, 55 N.J. 2, 7 (1969). Stated differently, a trial court's "interpretation of law and the consequences that flow from established facts are not entitled to any special deference." State v. Pomianik, 221 N.J. 66, 80 (2015) (quoting Manalapan Realty v. Manalapan Tp. Comm., 140 N.J. 366, 378 (1995)).

Rule 4:11-1(a) authorizes

> [a] person who desires to perpetuate . . . testimony of another person or preserve any evidence or to inspect documents or property or copy documents pursuant to [Rule] 4:18-1 may file a verified petition, seeking an appropriate order, entitled in the petitioner's name, showing: (1) that the petitioner expects to be a party to an action cognizable in a court of this State but is presently unable to bring it or cause it to be brought; (2) the subject matter of such action and the petitioner's interest therein; (3) the facts which the petitioner desires to establish by the proposed testimony or evidence and the reasons for desiring to perpetuate or inspect it; (4) the names or a description of the persons the petitioner expects will be opposing parties and their

A-0992-18T4

addresses so far as known; (5) the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each; and (6) the names and addresses of the persons having control or custody of the documents or property to be inspected and a description thereof.

We have sanctioned the invocation of Rule 4:11-1(c) in a case in which the petitioner sought to preserve the testimony of a witness of advanced age with direct knowledge of material facts in a potential case.  Strum v. Feifer, 186 N.J. Super. 329, 333 (App. Div. 1982).   However, the Supreme Court made clear in Hall that Rule 4:11-1(a)

> was not designed to assist plaintiffs in framing a cause of action, but was intended for cases in which there existed a genuine risk that testimony would be lost or evidence destroyed before suit could be filed and in which an obstacle beyond the litigant's control prevents suit from being filed immediately.
>
> [147 N.J at 385.]

Here, the trial judge who granted this petition abused his discretionary authority when he granted this pre-suit petition because the purpose disclosed by petitioner directly contravenes the Supreme Court's holding in Hall.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0992-18T4