## NOT FOR PUBLICATION WITHOUT THE
## APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4635-19

LIBERTY MUTUAL
INSURANCE COMPANY
and CONSTANCE BRAXTON,

     Plaintiffs-Respondents/
     Cross-Appellants,

v.

DAVID DOIVILUS,

     Defendant-Appellant/
     Cross-Respondent.

_____

          Argued November 17, 2021 – Decided December 7, 2021

          Before Judges Hoffman, Whipple and Geiger.

          On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-3387-20.

          Maximilian J. Mescall argued the cause for appellant/cross-respondent (Mescall Law, PC, attorneys; James C. Mescall, of counsel and on the briefs; Maximilian J. Mescall, on the briefs).

Michael A. Roter argued the cause for respondents/cross-appellants (Law Offices of Viscomi & Lyons, attorneys; Michael A. Roter, on the briefs).

PER CURIAM

Defendant David Doivilus (defendant) appeals from the August 28, 2020 Law Division order denying his motion for attorney's fees and sanctions under N.J.S.A. 2A:15-59.1 and Rule 1:4-8. The underlying action arises from a car accident involving plaintiff Constance Braxton (Ms. Braxton) and defendant. In anticipation of a potential claim for bodily injuries by defendant, Ms. Braxton's auto insurer, plaintiff Liberty Mutual Insurance Company (Liberty Mutual), filed a Rule 4:11-1 petition seeking pre-suit discovery. Believing the petition was frivolous, defendant filed a motion for attorney's fees, which the motion court denied, and defendant appealed.[1] Having reviewed the record in light of the applicable law, we affirm the denial of defendant's motion for attorney's fees.

I.

We ascertain the following facts from the record. On the morning of November 1, 2019, Ms. Braxton, a ninety-one-year-old woman, crashed her car

---

[1] Plaintiffs filed a cross-appeal, challenging the motion court's denial of their application for pre-suit discovery. Plaintiffs dismissed their cross-appeal "as moot" after defendant filed suit against Ms. Braxton seeking damages for injuries he allegedly sustained in the subject motor vehicle accident.

into the back of defendant's car parked on Mitchell Street in Orange Township. Orange police officers arrived at the scene soon after and obtained the following pertinent information:

> [Defendant] states he was sitting inside of [his] parked [car] on Mitchell Street (eastbound) which at this time, [Ms. Braxton's car] turn[ed] into [his car]. [Defendant's car] sustained damages to left rear bumper/fender due to the motor vehicle collision, caused by [Ms. Braxton's car].

> [Ms. Braxton] states she was exiting out the Bravos Supermarket parking lot which at this time, [she] was making a left turn onto Mitchell Street (eastbound) but miscalculated her turn and struck [defendant's car]. [Her car] sustained damages to right front bumper/fender.

Defendant retained counsel, who placed Liberty Mutual on notice regarding a potential bodily injury claim for his client caused by its insured, Ms. Braxton. Liberty Mutual responded by emailing defendant's attorney that Ms. Braxton is "adamant that [defendant]'s car was . . . unoccupied at the time of impact" and requesting authorization to examine the electronic data recorder (EDR) in defendant's car. Defendant's attorney responded that defendant had sold his car to a used car dealership, which Liberty Mutual later discovered had sold the car to an undisclosed individual.

3

In May 2020, Liberty Mutual filed a complaint and a proposed order to show cause against defendant, pursuant to Rule 4:11-1, seeking "to preserve [] discovery in the likely event that [defendant] files a bodily injury lawsuit in the future." Liberty Mutual asserted that its insured, Ms. Braxton, "has indicated that [defendant] was not inside the subject vehicle when it was struck," contrary to defendant's potential claim he sustained bodily injuries from the accident. Accordingly, Liberty Mutual demanded defendant "submit to a virtual deposition . . . [,] provide responses to discovery, including the last known location of his [car], any treatment records, and answer[s] to . . . Interrogatories" and that the trial court grant Liberty Mutual authority to subpoena third parties as necessary.

Upon receipt of the complaint, defendant's attorney sent Liberty a letter asserting that the petition did not satisfy Rule 4:11-1 and was frivolous, under Rule 1:4-8, because the allegations underlining the petition were not supported by any credible factual basis and were hearsay. In response, Liberty Mutual amended its complaint to add Ms. Braxton as a plaintiff and include an additional exhibit concerning the EDR.

On July 23, 2020, the counsel for the parties appeared before the motion judge on plaintiff's petition. After hearing oral argument, the judge issued an

A-4635-19

opinion on the record, finding nothing "expedited here that requires the court's intervention." He explained,

> [T]he police report has . . . all the other information with regard to this particular vehicle. This is why God created investigators, and Liberty [] certainly knows how to get an investigator out to go find this car, track it down. If it was registered or it's been licensed in any other state . . . you're going to be able to locate where this vehicle is.
>
> That's why [plaintiffs] wanted the dep[osition] and the video and the photograph. If [plaintiffs] want a picture of what [defendant] looks like, [plaintiffs] [have] his address, and I'm sure someone can do surveillance . . . to take a picture what he looks like.
>
> And taking his deposition at this point in time, I don't necessarily think it's probative of anything. There's no expedited reason for that. . . . If, in fact, [defendant's attorney] decides to . . . pursue [defendant's] claim, then that deposition can be taken in due course.

The judge also noted that Braxton's statement that defendant was not in the car at the time of the accident was not supported by a sworn affidavit and was hearsay. Accordingly, the judge denied plaintiffs' petition and issued a corresponding order the same day.

In August 2020, defendant filed a motion for attorney's fees and expenses, pursuant to N.J.S.A. 2A:15-59.1 and Rule 1:4-8, alleging plaintiffs' petition was frivolous. That same day, plaintiffs filed a cross-motion for reconsideration of

5

the July 23, 2020 order, maintaining that defendant's deposition and photograph were necessary "to get to the heart of the matter at issue: whether [defendant] was the person [] Braxton saw approach the vehicle she struck on the date of the accident at issue." Plaintiffs also submitted an affidavit from Braxton detailing her version of the accident. Braxton averred she was driving down Mitchell Street — not pulling out of the Bravos Supermarket parking lot — on the morning of November 1, 2019, when she "travelled under a[n] . . . overpass[,]" "became blinded by sunlight[,]" and "was in contact" with defendant's car. She further averred, "[i]mmediately after the impact, [she] peered into the black car and [saw] there was no one in the vehicle" but "moments later [she] saw a tall, grown man with dark brown skin . . . g[e]t into the front driver seat."

The motion judge considered the motions and issued two orders on August 28, 2020. The first order denied defendant's motion for attorney's fees, stating "[Ms. Braxton] has supplied sworn evidence that [defendant] was not in the vehicle at the time of the accident; [a]s such, there is a factual basis for [plaintiffs'] lawsuit and therefore this action could not be considered frivolous." The second order denied plaintiffs' motion for reconsideration, stating "there is no showing by [plaintiffs] of any facts or law that this [c]ourt overlooked or as

6

to which it has erred." Defendant now appeals from the order denying his motion for attorney's fees.

II.

On appeal, defendant contends the trial court erred in denying his motion for attorney's fees, offering multiple arguments to demonstrate how plaintiffs' petition was frivolous. We review the denial of attorney's fees under an abuse of discretion standard. Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009). An abuse of discretion occurs where the trial court's decision is "'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). Attorney's fees determinations will be disturbed "only on the rarest of occasions, and then only because of a clear abuse of discretion." Litton Indus., 200 N.J. at 386 (2009) (internal quotation and citation omitted).

A prevailing party is only entitled to attorney's fees if authorized by contract, court rule, or statute. Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001). The Frivolous Litigation Statute (FLA), N.J.S.A. 2A:15-59.1, and Rule 1:4-8 seek to deter frivolous litigation and compensate adversely affected parties. See Toll Bros., Inc. v. Twp. of W. Windsor, 190 N.J. 61, 67

(2007); <u>LoBiondo v. Schwartz</u>, 199 N.J. 62, 98 (2009). The statute and rule permit the award of reasonable attorney's fees and litigation costs to a prevailing party "if the court determines that 'a complaint . . . of the non[-]prevailing person was frivolous.'" <u>Ibid.</u> (quoting N.J.S.A. 2A:15-59.1(a)(1)). A complaint is frivolous if "commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury[,]" or if "[t]he non-prevailing party knew, or should have known, that the complaint . . . was without any reasonable basis in law or equity . . . ." N.J.S.A. 2A:15-59.1(b)(1) to (2).

We approach requests for attorney's fees under the FLA and <u>Rule</u> 1:4-8 restrictively, because "the right of access to the court should not be unduly infringed upon, honest and creative advocacy should not be discouraged, and the salutary policy of the litigants bearing, in the main, their own litigation costs, should not be abandoned." <u>Gooch v. Choice Entertaining Corp.</u>, 355 N.J. Super. 14, 18 (App. Div. 2002).

## A.

Defendant first contends the petition was improper because plaintiffs sought the investigation, not preservation, of evidence, and said evidence was not at risk of being lost or destroyed. We review a trial court's decision to grant or deny a pre-action petition pursuant to <u>Rule</u> 4:11 and motion for

reconsideration under Rule 4:49-2 under an abuse of discretion standard. Rule 4:11-1 "provides a mechanism for parties to obtain pre-litigation discovery." Johnson v. Grayce Tighe, Inc., 365 N.J. Super. 237, 240 (App. Div. 2003). The rule exists for a very narrow range of circumstances, specifically "intended for cases in which there exist[s] a genuine risk that testimony would be lost or evidence destroyed before suit could be filed . . . ." In re Petition of Hall, 147 N.J. 379, 385 (1997). The rule, however, "was not intended to authorize pre-suit discovery for the sole purpose of assisting a prospective plaintiff in acquiring facts necessary to frame a complaint." Johnson, 365 N.J. Super. at 240 (citing Hall, 147 N.J. at 391).

Here, plaintiffs sought defendant's deposition and photograph, information regarding defendant's car, and subpoena power to depose witnesses and obtain additional information about defendant's car. Plaintiffs sought defendant's deposition and photograph when deposing Ms. Braxton, who is elderly and at risk of being unavailable in the future. In addition, plaintiffs wanted to find the car because of the "dwindling" possibility that the EDR data still exists, which might have provided information as to whether defendant was inside the car at the time of the accident. Though unsuccessful, the petition is

A-4635-19

not devoid of basis in fact and law; the petition ultimately sought evidence which genuinely could be lost before the suit.

Defendant also contends plaintiffs' petition is frivolous because it seeks a general subpoena power of unnamed parties, while Rule 4:11-1 requires "the names and addresses of the persons having control or custody of the documents or property to be inspected and a description thereof." Defendant maintains the clear language of Rule 4:11-1 put plaintiffs on notice that this request was "blatantly improper." While plaintiffs' request for general subpoena power of unnamed persons does appear beyond the scope of the rule, we discern no basis to disturb the motion judge's determination that the inclusion of such a request does not warrant sanctions.

### B.

Defendant next contends the petition was frivolous because Liberty Mutual knew it lacked standing. Rule 4:11-1 requires "that the petitioner expects to be a party to an action cognizable in a court of this State . . . ." Defendant correctly notes that if he were to bring suit for his alleged bodily injuries, Ms. Braxton, not Liberty Mutual, would be named as the defendant. Defendant further contends Liberty Mutual was on notice that it lacked standing because of the Law Division's decision in Liberty Mutual Ins. Co. v. Borgata

A-4635-19

Hotel Casino & Spa, 456 N.J. Super. 471 (Law Div. 2017), wherein Liberty similarly filed a Rule 4:11-1 petition in anticipation of a policyholder being sued.

Borgata hardly puts Liberty Mutual on notice that filing the petition in its name is "without any reasonable basis in law or equity . . . ." N.J.S.A. 2A:15-59.1(b)(2). In Borgata, the Law Division acknowledged Rule 4:11-1's requirements, but determined,

> While the better practice would have been to file this petition in the name of [the policyholder] as he is the individual who is expected to be a party to an action under the rule, the court will nevertheless consider the application on its merits. To dismiss the petition on this basis would be to favor form over substance and the petition could readily be amended to reflect [the policyholder] as the petitioner. Moreover, the petition was clearly filed to protect [the policyholder]'s interest.
>
> [Borgata, 456 N.J. Super. 475.]

We do not view Borgata as supporting a frivolous litigation claim in the matter under review. Moreover, plaintiff's counsel filed an amended petition, including Ms. Braxton, to address the standing issue.

C.

Lastly, defendant contends the petition was frivolous because plaintiffs' attorneys filed the petition "without conducting any substantive investigation

11

into whether the information sought would be destroyed, or conducting research concerning the factual and procedural requirements of Rule 4:11-1." As noted, plaintiffs' petition, while unsuccessful, ultimately sought evidence which genuinely could be lost before the suit and does not support a finding that no substantive investigation was done into whether the claim was non-frivolous. Defendant fails to appreciate the highly unusual factual circumstances presented by this case – an elderly insured who maintains that the vehicle she rear-ended was empty at the time of the accident. Liberty Mutual reasonably sought to investigate this accident, before its insured suffered any decline in her physical or mental health, in light of her advanced age.[2] Ms. Braxton certified that she has been "diagnosed with a severe cardiac condition[] which required an implanted heart monitor with defibrillator" and that she "take[s] multiple medications for high blood pressure . . . ." She expressed "concerns regarding [her] potential safety given . . . Covid-19," particularly since her heart condition places her "in the highest risk category for the virus." The record here clearly demonstrated "a genuine risk that . . . testimony or evidence could be lost or destroyed before suit is filed." Borgata, at 477.

---

[2] According to the Cleveland Clinic, "as many as half of people 85 or older have dementia." Dementia, Cleveland Clinic, https://my.clevelandclinic.org/health/diseases/9170-dementia (last reviewed Nov. 24, 2021).

A-4635-19

Defendant also raises various public policy arguments, which we find unpersuasive as defendant fails to demonstrate how plaintiffs acted in bad faith or how their petition lacked any reasonable basis. Accordingly, we find no abuse of discretion in the trial court's findings and affirm the August 28, 2020 order denying defendant's motion for attorney's fees.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4635-19